## McEACHERN v. KINNEBREW et al.

### No. 5718.

Court of Appeal of Louisiana.
Second Circuit.

Nov. 4, 1938.

Lewell C. Butler, of Shreveport, for appellants.

A. S. Drew, of Minden, for appellee.

HAMITER, Judge.

Mineral rights in-and to a certain 60-acre tract of land in Webster Parish, Louisiana, are in controversy in this cause.

As the fee owner of such tract, plaintiff instituted this jactitation suit alleging that defendants Andrew C. Burns, Lee Kinnebrew and Walter L. Allison are slandering his title by claiming and asserting ownership of mineral servitudes in and to the property. He prays that the claimed rights, after due proceedings are had, be decreed lost by nonuser for ten years and that the inscriptions of defendants' pretended titles be ordered cancelled and erased from the conveyance records of Webster Parish, Louisiana. The prescription of ten years for nonuser, which is specially pleaded by plaintiff, is predicated on Civil Code, article 789. This provides:

"A right to servitude is extinguished by the nonusage of the same during ten years."

The record discloses no appearances on the part of defendants Burns and Allison. We are informed by plaintiff's counsel through his brief that they are no longer parties to the proceeding.

An answer was filed by Mr. Kinnebrew, through his counsel, wherein he avers his acquisition by purchase of one-fourth of the oil, gas and other minerals in and under said tract, under a duly recorded act of conveyance executed by plaintiff's ancestors in title, W. L. Allison and Andrew C. Burns, of date March 30, 1922, and recorded in Book 51, page 274 of the Conveyance Records of Webster Parish, Louisiana, and that he has in no manner parted with the title to said interest. He admits that there has been no actual development of the property

for the production of oil, gas and other minerals, as plaintiff alleges, but denies that his rights have been lost by limitation. In connection with this denial the affirmative and special plea is urged that such prescription as might have commenced to run was legally interrupted on September 5, 1929, by reason of a document then executed by plaintiff's predecessor in title, one Dewey B. Lennard, and from which date a new ten-year prescriptive period began. A certified copy of the instrument relied on is attached to his pleading.

Immediately following such appearance, plaintiff moved for judgment, in accordance with the terms and provisions of his prayer, based on the petition and answer. The trial judge upheld plaintiff's plea of ten years' prescription liberandi causa and rendered judgment in his favor, as prayed for, against defendant Kinnebrew. The latter appealed.

The sole question to be determined is: Did the document which Lennard signed on September 5, 1929, interrupt the running of the ten-year prescriptive period which commenced on March 30, 1922? If the correct answer is in the affirmative, the purchased servitude is still effective. If otherwise, defendant Kinnebrew has no present interest or rights in the property.

The provisions of the instrument, in so far as are here pertinent, are:

"Deed of Assignment
"State of Louisiana,
"Parish of Webster.

"Know All Men by These Presents that:
"Whereas, Dewey B. Lennard the owner in fact and of record of a certain tract of land in the said State and Parish described as follows, to-wit: (Description of property)

"Whereas, a certain oil and mineral reservations conveying oil and mineral privileges, on the said land was granted by Dewey B. Lennard and his vendors, the present owner of this land to W. L. Allison and others, by reservations under date of 3/30/22, 1/29/23, 3/21/22, 6/12/22, 7/10/22, and of record in Conveyance Office Book 51, 58, 52, 55, at pages 274, 214, 174, 590, 151, and

"Whereas, I, Dewey B. Lennard, am offering said land to the Federal Land Bank of New Orleans, as security for one Amortization Note, under date of September 5, 1929, in the amount of Eight Hundred Dollars, ($800.00) in conformity with act of mortgage under date of September 5, 1929 wherein the said Federal Land Bank of New Orleans is the mortgagee,

"Therefore, I, Dewey B. Lennard, do hereby assign, set over, and convey unto the Federal Land Bank of New Orleans, all and every one of the rights, benefits, privileges and gains whatsoever that shall accrue to me the said Dewey B. Lennard as a result of the said reservation of oil and mineral privileges as above stated under date of above stated and of record in Conveyance Office Book as above stated. This deed of assignment to become null and void, however, upon the payment of the grantors, herein to the Federal Land Bank of New Orleans of the indebtedness evidenced by the said Amortization Note above set forth."

■ It is provided in the Civil Code of Louisiana, under the heading, "Of the Causes Which Interrupt Prescription", that:

"Prescription ceases likewise to run whenever the debtor, or possessor, makes acknowledgment of the right of the person whose title they prescribed." Article 3520.

In interpreting the quoted article, the Louisiana Supreme Court in its opinion in the comparatively recent case of Bremer v. North Central Texas Oil Co., 185 La. 917, 171 So. 75, states [page 77]:

"But article 3520 of the Code, which says that prescription ceases to run whenever the debtor or possessor 'makes acknowledgment of the right of the person whose title they prescribed,' does not mean that a mere acknowledgment of the existence of the rights of those in whose favor the servitude runs interrupts prescription. There must be more than a bare acknowledgment; the acknowledgment must be accompanied by or coupled with 'the purpose and intention of the party making the acknowledgment to interrupt the prescription then running.'"

The doctrine announced in the Bremer Case was reiterated, commented on and reaffirmed in the subsequent cases of Kennedy v. Pelican Well Tool & Supply Co., 188 La. 811, 178 So. 359, and English v. Blackman et al., 189 La. 255, 179 So. 306, 307.

■ Viewing the assignment relied on in the light of the jurisprudence just dis-

cussed, we are of the opinion that no interruption of the accruing prescription on the Kinnebrew servitude was accomplished by its confection and filing. It is our conviction, after a careful study of the instrument's provisions, that Lennard, the then fee owner of the property, did not intend by his act to affect in any manner such existing servitude, but merely contemplated the providing of further security to his mortgage creditor through and by means of the conveyance to it of his potential rights and benefits under the pertinent mineral grant.

The judgment of the trial court is affirmed.

DREW, J., recused.