**PEART v. RYKOSKI, Inc., et al. (CHARITY HOSPITAL OF LOUISIANA, Intervenor).**

**No. 17367.**

Court of Appeal of Louisiana. Orleans.

April 8, 1940.

Rehearing Denied April 22, 1940.

Writ of Certiorari Granted April 29, 1940.

Edward Rightor and W. H. Sellers, both of New Orleans, for appellants.

Cyril F. Dumaine, of New Orleans, for intervenor and appellee Charity Hospital of Louisiana.

WESTERFIELD, Judge.

The Charity Hospital of Louisiana, at New Orleans, proceeding by rule, claims that Rykoski, Inc., and Employers' Liability Assurance Corporation, Ltd., of London, England, is indebted to it in the sum of $355 with 10 per cent. attorneys' fees and interest. The proceeding is brought by authority of Acts No. 230 of 1932 and No. 289 of 1938, and is based upon hospital services rendered Marshall Peart.

In the rule it is alleged that Peart was injured on October 26th, 1937, under circumstances involving the defendant in rule, Rykoski, Inc., and its underwriter, Employers' Liability Assurance Corporation, Ltd., with responsibility for the ensuing physical injuries suffered by Peart; that a suit was filed against the two defendants by Peart for damages, which was later compromised for the sum of $1,000, without the payment to mover of its charges for hospi-

talization, and that it is entitled, under the laws of this State, to recover for such services from the defendant. This rule was filed on April 11th, 1939 in the proceedings brought by Peart more than five months after the suit had been compromised and dismissed by joint motion of plaintiff and defendants, and about a year and a half after the accident to Peart occurred as a result of which he received the hospitalization for which this suit is brought.

The defendants first filed exceptions upon the ground that plaintiff in rule was without right or authority to intervene in a proceeding which had been dismissed, and that the mover's claim, being grounded upon a subrogation to an action ex delicto, was prescribed, more than one year having elapsed when this suit was brought. The exception to the form of the proceeding was overruled and the plea of prescription referred to the merits, whereupon following an unsuccessful application for certiorari to the Supreme Court, defendants filed a supplemental and amended answer in which they attacked the constitutionality of Act No. 289 of 1938 upon the ground that it was a special law as defined by Section 4 of Article IV of the Constitution of the State of Louisiana of 1921 and was not properly published prior to its introduction, as required by Article IV, Section 6 of the Constitution.

There was judgment in favor of plaintiff in rule for $355, with interest and attorneys' fees, as prayed for, and defendants have appealed to this court.

Section 1 of Act No. 230 of 1932, provides:

"That where a patient in any State supported Hospital has been injured by the negligence of another person other than his employer, or by an employer in employment falling outside of the provisions of the Employer's Liability Act, and has a right of action for the recovery of compensatory damages against such person, the Board of Administrators of such Hospitals shall be subrogated to said right of action to the extent of reasonable charges for services rendered to such patient, in accordance with like charges in other Hospitals of the first class, including physicians and surgeon's fees."

Act No. 289 of 1938 reads as follows:

"Section 1. * * * That any person who has received treatment in any of the Charity Hospitals of the State, for injuries which might entitle him to damages or compensation, and who files suit for the recovery of such damages or compensation, shall cause a copy of the petition in any such suit to be served on the Hospital from which he received treatment, or on the attorney designated to represent said Hospital, at least ten days before the trial of such suit.

"Section 2. That no court of this State shall proceed with the trial of any suit involving any claim referred to in Section 1 hereof, unless a copy of the petition has been served as required in said Section.

"Section 3. That no compromise of any claim referred to in Section 1 hereof, whether made before or after the filing of suit, shall affect the right of any of the Charity Hospitals of this State to recover such fees and charges, if any, that may be due said hospital for treatment, from any party or parties who may be liable for same under any law of this State.

"Section 4. That all proceedings for the recovery of any charges or fees due any Charity Hospital of this State may be presented in any court of this State, in term time or in vacation, by rule, in a direct action, or by intervention, or by third opposition, and all such proceedings shall be tried or heard summarily and by preference in all courts, after notice of not less than two days to adverse party or parties.

"Section 5. That whenever the pleadings filed on behalf of any Charity Hospital of this State shall be accompanied by an affidavit of any officer of said Hospital or of the attorney designated to represent said Hospital, that the facts as alleged are true to the best of the affiant's knowledge or belief, all of the facts alleged in said pleadings shall be accepted as prima facie true and as constituting a prima facie case, and the burden of proof to establish anything to the contrary shall rest wholly on the opposing party."

▮▮▮▮ Considering, first, the point raised by the defendants concerning the impropriety of bringing this action in the proceedings filed by Marshall Peart, which had been dismissed, we must, of course, recognize the validity of counsel's position that when a suit has been dismissed there is nothing before the Court in which an intervenor may assert a claim, but under the present circumstances, where the hospital is given the right to enforce its claim by summary process and is relieved of the necessity of the payment of costs, the only difference between the filing of the hospi-

tal's claim as an original rule would be the fact that it bears the number of a suit which has been dismissed instead of a new number. The proceeding may be regarded as irregular, but is, we believe, protected by the doctrine de minimis non curat lex.

The hospital is not given a right to a direct action by Act No. 230 of 1932, but through its patient, by way of subrogation to the extent of the hospital charges "for the recovery of compensatory damages against such person". (The one who negligently injured the patient.) A subrogee is in the same position as its subrogor. Decuir v. Carnes, 173 La. 563, 568, 138 So. 103; General Securities Company, Inc. v. City of Hammond, 11 La.App. 306, 307, 123 So. 399. The plaintiff in rule is the subrogee of its patient, Marshall Peart, of his claim ex delicto against the defendants for compensatory damages due to the negligence of the defendant, Rykoski, Inc. The learned judge, a quo, in overruling the plea of prescription, suggested that possibly the claim of the hospital might be regarded as an open account, to which the prescription of three years is applicable, and not one year, as is the case in actions ex delicto, and added, "but hardly should any prescription run at all in the instant case under the facts and circumstances as set up herein because a litigant could, by his course of conduct, defeat the objects and purposes of the statute." We cannot agree that the hospital claim may be likened to an open account, for, as we have said, the only right of action given the hospital is as the legal subrogee to a right of action based on a delict or tort. Since this suit was filed on April 11th, 1939, and the tortious conduct of the defendant, Rykoski, Inc., which it is alleged gave rise to the action which Peart subsequently brought, grew out of an accident which occurred on October 6th, 1937, prescription had run when the hospital filed its claim unless, as suggested by the trial judge, for some reason prescription was interrupted. The interruption of prescription suggested by the learned trial judge may be said to be one resulting from estoppel by conduct, based upon the fact that since the law required that notice of the filing of the suit by the injured party, in his action for redress against the negligence defendant (in this case Rykoski, Inc.), should be given to the hospital in which he was treated and since no notice was given by Peart or by the defendants in the suit which Peart brought, neither plaintiff, nor defendants, can avail themselves of a condition "they were instrumental in producing".

Act No. 289 of 1938 requires that a copy of the petition be served on the Charity Hospital "at least ten days before the trial of such suit" and "that no court of this State shall proceed with the trial of any suit * * * unless a copy of the petition has been served as required in said Section", but there is no requirement that defendants should serve a copy of the petition, simply that "any person who has received treatment in any of the Charity Hospitals of the State" and who has filed suit, shall serve a copy of the petition on the hospital. The failure to serve a copy of the petition, therefore, can in no way involve the defendants with responsibility. As a matter of fact, the act adds nothing to the liability of a negligent defendant, it simply provides for a subrogation pro tanto in favor of the State Hospital to the claim of plaintiff.

The law (Act No. 289 of 1938) provides that "no compromise of any claim * * * shall affect the right of any of the Charity Hospitals of this State to recover such fees and charges" and the compromise effected by Peart, the hospital's subrogor, and Rykoski, Inc., did not affect the claim of plaintiff in rule which, if it had not been prescribed when the suit was brought, would be as valid as it ever was.

Since we find that plaintiff's claim is prescribed, we need not consider the constitutionality of the statute under which it is brought.

For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein maintaining the plea of prescription and dismissing the plaintiff in rule's suit at its cost.

Judgment reversed.

McCALEB, J., absent, takes no part.