HIGGINS, Justice.'
 

 We granted a writ of certiorari on the application of the intervener, the Charity Hospital of Louisiana, at New Orleans, to review the judgment of the Court of Appeal for the Parish of Orleans, 195 So. 30, sustaining the defendants’ plea of prescription of one year against its claim for medical services rendered to a patient who was' alleged to have been injured through the negligence of one of the defendants.
 

 The record shows that , on October 19, 1938, plaintiff instituted an ex delicto action against the motor truck owner and its liability carrier, in solido, for damages for personal injuries said to have resulted from the negligence of the truck driver on October 26, 1937. The petitioner did not allege that any medical expenses were incurred in his treatment for the injuries, and the case was compromised by the parties for $1,000 covering personal damages,. without the defendants making any appearance, and the suit was formally dismissed on joint motion on October 31, 1938.
 

 The Charity Hospital was never notified of the filing, of .the suit by the service on it of a copy of the petition. On April 11, 1939, the hospital filed an intervention in the form of a rule, against the defendants, to show cause why it should not be paid, under_ the provisions of Act 230 of. 1932 and Act 289 of 1938, the sum of $355, with interest, for. medical services rendered to the plaintiff, and 10% attorney’s fees.
 

 The defendants, among other defenses, pleaded that, as the claim of the intervener arose out of a tort, it has prescribed, because more than one year had elapsed from the date of the accident to the date the intervention was filed.
 

 The district judge overruled the plea and rendered judgment on the merits in favor of the plaintiff, as prayed for. The Court of Appeal annulled the judgment of the lower court and dismissed the intervention on the ground that the claim of the intervener was prescribed at the time it sought to assert its right, because the Charity Hospital was a legal subrogee of the plaintiff’s ex delicto right of action to the extent of reasonable charges for services rendered to the plaintiff, whose right to make the claim therefor had already prescribed.
 

 The pertinent part of Act 230 of 1932 reads:
 

 “Section 1. Be it enacted by the Legislature of Louisiana, That where
 
 a patient
 
 in any State supported Hospital
 
 has been injured by the' negligence of another person
 
 other than his employer, or by an employer in employment falling outside of the provisions of the Employer’s Liability Act,
 
 and has a right of action for the recovery of compensatory damages against such■ person,
 
 the .Board of Administrators of such Hospitals
 
 shall be subrogated to said right of action to the extent of reasonable charges for services rendered to such
 
 
 *936
 

 patient,
 
 in accordance with like charges in other Hospitals of the first class, including physicians and surgeon’s fees.” (Italics ours.)
 

 The relevant sections of Act 289 of 1938 provide:
 

 “Section 1. Be it enacted by the Legislature of Louisiana, That
 
 any person mho has received treatment in any of the Clwirity Hospitals of the State, for injuries which might entitle him to damages or compensation, and mho files suit for the recovery of such damages or compensation,
 
 shall cause a copy of the petition in any such suit to be served on the Hospital from which he received treatment, or on the attorney designated to represent said Hospital,
 
 at least ten days before the trial of such suit.
 
 [Italics ours.]
 

 “Section 2. That no court of this State shall proceed with the trial of any suit involving any claim referred to in Section 1 hereof, unless a copy of the petition has been served as required in said Section.
 

 “Section 3. That no compromise of any claim referred to in Section 1 hereof, whether made before or after the filing of suit, shall affect the right of any of the Charity Hospitals of this State to recover such fees and charges, if any, that may be due said hospital for treatment, from any party or parties who may be liable for same under any law of this State.
 

 “Section 4. That all proceedings for the recovery of any charges or fees due any Charity Hospital of this State may be presented in any court of this State, in term time or in vacation, by rule, in a direct action, or by intervention, or by third opposition, and all such proceedings shall be tried or heard summarily and by preference in all courts, after notice of not less than two days to adverse party or parties.”
 

 It is clear that the provisions of Act 230 of 1932 go no further than to make any State supported hospital the legal subrogee to the right of action of a patient treated by it against the tort feasor to the extent of reasonable charges for services to such patient. The statute does not give the hospital a greater right than the injured person has under the law against the negligent party. The right of action granted to the hospital as subrogee is purely ex delicto.
 

 Act 289 of 1938 sets forth the procedure through which the hospital’s claim can be asserted. It likewise deals with the hospital’s right of action as one founded in tort. This act grants to the hospital more procedural rights than are accorded the injured party in a tort action but no greater substantive rights.
 

 Neither of the above statutes contain any provision dealing with the subject of prescription nor any clause from which it could be implied that the lawmaker intended to modify or change the law of prescription covering tort actions. Therefore, the statutory period of prescription of one year against tort actions, Arts. 3536, 3537, R.C.C., is effective and bars the intervener’s right to recovery, unless, under the circumstances of this case, it can be said that prescription was interrupted or
 
 *938
 
 did not begin to run from the date of the injury.
 

 The relator contends that prescription would not start to run against its claim until it had received notice of the pendency of the suit, through service of a copy of the petition, as required by Section 1 of Act 289 of 1938. It will be noted that the obligation to serve a copy of the petition was upon the plaintiff and he was required to do so “at least ten days before the trial of such suit.” In the instant case, the suit between the plaintiff and the defendants was never at issue because it was compromised and dismissed, before trial.
 

 The above quoted section of Act 289 of 1938 does not state that prescription shall not begin to run until the hospital receives notice of the pendency of the suit, nor can that conclusion be fairly implied from the language thereof. As the plaintiff was the only one required to serve a copy of the petition on the hospital, it cannot now hold the defendants accountable for plaintiff’s failure to do so.
 

 In this connection, the relator also argues that it was unable to institute action until after the plaintiff had brought his suit and, therefore, prescription did not begin to run against it until the suit was filed. Section 4 of the statute expressly gives the hospital a direct right of action uncontrolled by the patient or injured party.
 

 Was prescription interrupted?
 

 The hospital’s representatives knew the patient had a claim against defendants for damages but made no demand on them for payment of the fees and charges for treating him.
 

 The plaintiff in his petition did not make any demand or claim for medical expenses and hospitalization nor state that he or the defendants were liable to the Charity Hospital at New Orleans therefor. The petition is silent in this respect and only makes reference to the fact that the plaintiff had been a patient in the hospital for treatment, in connection with his attempt to set aside a written compromise and release obtained by the defendants from him in consideration of the payment of $25. Since the plaintiff’s petition, which was filed within one year from the date of the accident, did not make any demand or claim for. medical expenses and hospitalization, the filing of the suit did not interrupt prescription as to the medical charges. The petition of intervention came too late, having been filed several months after the one year prescriptive period had elapsed.
 

 The cases of Reeves v. Globe Indemnity Co. of New York, 185 La. 42, 168 So. 488, and Callender v. Marks, 185 La. 948, 171 So. 86, relied upon by the relator, are not apposite here, because in those cases the plaintiffs claimed or demanded, the medical expenses and damages, respectively, in their petitions, which sufficiently apprised the defendant thereof, so as to interrupt prescription.
 

 Section 3 of Act 289 of 1938, which provides that a compromise, either before or after suit, does not affect the right of the Charity Hospital to recover for its
 
 *940
 
 fees and charges, simply means that the injured party and the tort feasor cannot enter into a settlement which would deprive the hospital of its right to recover its charges. Certainly, this does not mean that the prescriptive period of one year is thereby extended or interrupted.
 

 For the reasons assigned, the judgment is affirmed.