The Charity Hospital of Louisiana at New Orleans, the intervenor in the above-entitled suit, has appealed from a judgment of the District Court which dismissed its claim for medical services rendered to one of the plaintiffs on the defendant's plea of prescription of one year.
The record shows that on May 23, 1940, the plaintiffs, Mr. and Mrs. Mackenroth, instituted an action ex delicto against the defendant, the liability insurance carrier of an automobile owner, for recovery of damages for the personal injuries allegedly sustained by Mrs. Mackenroth in an automobile accident on May 23, 1939, as a result of the negligence of the driver of the insured car.
On November 7, 1940, or approximately a year and five months after the accident occurred, the Charity Hospital intervened in the proceeding, alleging that it had rendered to Mrs. Mackenroth certain medical and nursing services after the accident; that the value of the treatment administered by it amounted to $514.50 and that the plaintiffs and the defendant were liable for that sum in the event it was determined that the accident resulted from the negligence of the driver of the insured automobile.
To this petition of intervention, the defendant insurance company filed a plea of prescription of one year which was sustained by the trial judge on the authority of Peart v. Rykoski, Inc., La.App., 195 So. 30, and Id., 195 La. 931,197 So. 605.
The right of the intervenor to recover from tort-feasors the value of the medical services it renders to persons who have *Page 710 
been injured by their negligence is given by Section 1 of Act 230 of 1932 which provides that, in such instances, any Charity Hospital of this State shall be subrogated to the right of action of the person it treats to the extent of the reasonable charges for services rendered by it to such person. And, by Act 289 of 1938, it is declared that, in case the injured party files suit for the recovery of damages or compensation against the person legally liable therefor, a copy of the petition shall be served on the hospital which rendered him medical services at least ten days before the trial of the suit; that no compromise made between the injured party and the wrongdoer shall affect the right of the Charity Hospital to recover the charges due for treatment and that the hospital may proceed by direct action, rule, intervention or third opposition to enforce the rights given it by law.
In Peart v. Rykoski, supra, we held that the cause of action granted to the Charity Hospitals of this State, by the foregoing statutes, was one ex delicto and that it was therefore barred by the prescription of one year. This ruling was subsequently approved by the Supreme Court on writs of certiorari and review. See 195 La. 931, 197 So. 605.
Counsel for the intervenor, in oral argument and in brief, challenges the correctness of the holding in Peart v. Rykoski; and he says that this court and the Supreme Court erroneously assumed that the statutes gave to the Charity Hospitals of the State a separate and distinct right of action against the wrongdoer for the amount of its bill. He declares that, since the Act of 1932 makes the hospital the legal subrogee of the injured person to the extent of the value of the services it renders to him, the filing of a suit by the injured party against the tort-feasor to recover compensatory damages has the effect of interrupting the running of prescription with respect to the hospital's claim.
We think, however, that counsel is in error when he states that this court and the Supreme Court erroneously assumed, in Peart v. Rykoski, that the hospital is not given a direct action against the tort-feasor for Section 4 of Act 289 of 1938 specifically provides such a remedy. In truth, we find that the contentions presented by counsel are fully answered by the opinion of the Supreme Court in that matter and that the District Judge was correct in sustaining the defendant's plea of prescription of one year.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.