244 So.2d 353 (1971)
MARATHON INSURANCE COMPANY et al., Plaintiffs-Appellees,
v.
Billy Ray WARNER et al., Defendants-Appellants.
No. 11557.
Court of Appeal of Louisiana, Second Circuit.
February 2, 1971.
Hayes, Harkey, Smith & Cascio by Haynes L. Harkey, Jr., Monroe, for St. Paul Fire and Marine Ins. Co., defendantsappellants.
Davenport, Files & Kelly by Thomas W. Davenport, Jr., Monroe, for Marathon Ins. Co. and Olympic Ins. Co., plaintiffsappellees.
*354 Before AYRES, PRICE and HALL, JJ.
AYRES, Judge.
The only issue before us on this appeal is that of the validity of a plea of prescription of one year applicable to actions in tort, which plea is urged by plaintiffs against the reconventional demand of the defendant St. Paul Fire and Marine Insurance Company.
This plea was sustained by the trial court and from that judgment St. Paul appealed.
A motor vehicle collision occurred June 4, 1968, at the intersection of U. S. Highway 165 and Louisiana Highway 553 in Ouachita Parish. Involved were a Chevrolet truck-and-trailer unit owned by and operated in the service of the defendant Billy Ray Warner and a Willis Jeep owned by and operated in the service of E. H. Gentry.
Plaintiffs, Marathon Insurance Company and Olympic Insurance Company, allegedly carried primary and excess insurance respectively on the Warner Chevrolet truck but not on the trailer. Plaintiffs, therefore, instituted this action for a declaratory judgment for the purpose of determining their liability under their contracts of insurance which, in part, provides:
"This policy does not apply:

* * * * * *
"(c) under coverages A [bodily injury] and B [property damage], while the automobile is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company; or while any trailer covered by this policy is used with any automobile owned or hired by the insured and not covered by like insurance in the company; * * *"
St. Paul, collision insurer of the Gentry vehicle, after answering plaintiffs' demands and denying their entitlement to a decree excluding them from liability, asserted a claim in the form of a reconventional demand against plaintiffs under its subrogation from Gentry, its insured, for the sum of $2,075 paid by it to Gentry as damages sustained in the accident to Gentry's Jeep. To these demands plaintiffs pleaded, as aforesaid, the prescription of one year under LSA-C.C. Arts. 3536 and 3537. These articles provide that damages resulting from offenses or quasi-offenses are prescribed in one year commencing when the damages were sustained.
Chronology of events, pertinent and relevant to plaintiffs' plea of prescription, is that (1) on June 4, 1968, the accident occurred; (2) on April 30, 1969, plaintiffs' action for a declaratory judgment was instituted; and (3) on June 26, 1969, defendant St. Paul reconvened for damages.
In instituting this action, plaintiffs merely asserted that St. Paul and others had made claims against them. The defendants were not called upon to assert any monetary claims or demands; they were merely called upon as parties potentially affected to assert any factual or legal defenses to plaintiffs' declaration of nonliability under their policies. Irrespective of what St. Paul's pleading may be denominated, it sought affirmative monetary relief when it asserted its claim. These were new and additional issues presented by the defendant.
Demands in reconvention filed more than one year after an accident are not timely.
 LSA-C.C. Art. 3536;
 Scott v. Daigle,
 210 So.2d 174 (La.App., 4th Cir.
 1968);
 Gruber v. Perkins,
 192 So.2d 222 (La.App., 4th Cir. 1966).
From their nature, these demands should have been asserted prior to the anniversary date of the accident. The claim as made is predicated upon an offense or quasi-offense within the purview of LSA-C.C. *355 Art. 2315, the applicable prescriptive period of which is one year. LSA-C.C. Arts. 3536 and 3537. More than a year having elapsed after the damages were sustained before judicial demand was made for payment, a prima-facie showing has been made that the claim has prescribed. Whether the running of prescription has been interrupted is now an important question.
St. Paul urges that the filing of plaintiffs' petition seeking a declaratory judgment determinative of their rights and responsibilities under their contractual obligations constituted a judicial interruption under provisions of LSA-C.C. Art. 3518 and LSA-R.S. 9:5801. The gist of this contention is that the filing of a suit in any kind of action by anyone interrupts prescription running on another's claim. We do not so construe these authorities, for, as noted hereinabove, prescription on a reconventional or third-party demand is interrupted not by the institution of the initial action but by and at the time of the filing of such reconventional or third-party demand.
A further contention is that plaintiffs have interrupted the running of prescription through acknowledgment of its claims in either or both of the following ways: (1) by certain allegations of their petition for a declaratory judgment or (2) by settlement and payment pursuant to the terms of an agreement with Gentry as the insured. Cited in support of this position is LSA-C.C. Art. 3520, which recites:
"Prescription ceases likewise to run whenever the debtor, or possessor, makes acknowledgment of the right of the person whose title they prescribed."
With reference to the allegations of the petition wherein defendant was named as one making a claim against plaintiffs, it may be observed plaintiffs were required, under Arts. 1872 and 1880 of the Code of Civil Procedure, to join St. Paul as a party defendant in the action for a declaratory judgment and to plead the existence but not an acknowledgment of St. Paul's claim.
Recognition of the mere existence of a disputed claim is not such an acknowledgment within the contemplation of LSA-C.C. Art. 3520 as will effect an interruption of the running of prescription. This is particularly true in the instant case in view of the recital in plaintiffs' petition that "the contentions of St. Paul Fire and Marine Insurance Company have been denied, and are now denied by Plaintiffs." It is well settled in the jurisprudence that within the intent of the aforesaid article of the Code, the acknowledgment must be accompanied by or coupled with a clear declaration of intent to interrupt the prescription then running.
 Vincent v. Bullock,
 192 La. 1, 187 So. 35 (1939).
A similar observation was made in McEachern v. Kinnebrew, 184 So. 601 (La. App., 2d Cir. 1938), where it was held the article does not mean the mere acknowledgment of the existence of rights of those in whose favor they run unless the acknowledgment is accompanied by or coupled with the purpose and intention of the party making the acknowledgment to interrupt the prescription then running. Likewise, in Arkansas Louisiana Gas Co. v. Thompson, 222 La. 868, 64 So.2d 202, 208 (1952), it is evident the Supreme Court recognized this principle when it observed:
"A review of the jurisprudence reveals that the Court has consistently applied the test of intent of the party against whom acknowledgment was pleaded in determining whether interruption of prescription has taken place."
See, also:
 Crown Central Petroleum Corporation v.
 Barousse,
 238 La. 1013, 117 So.2d 575 (1960)
 Frost Lumber Industries v. Union Power
 Co.,
 182 La. 439, 162 So. 37 (1935).
While it is true the cases cited dealt with servitudes pertaining to minerals, the *356 principle is equally applicable whatever the prescription and whatever the character of the claim to which it applies.
Lastly, St. Paul contends that plaintiffs' payment to Gentry, St. Paul's insured, of the sum of $1,000, in settlement of the insured's property damage sustained in the accident, constituted an acknowledgment of the claim interrupting the running of prescription. As pointed out by the trial court, it appears that plaintiffs intended only to settle or dispose of Gentry's personal claims arising out of the accident notwithstanding the fact they had prior knowledge of St. Paul's subrogated interest.
Gentry's claim for damages sustained to his property constituted only one claim when it arose. St. Paul, however, gave notice to plaintiffs of its subrogation to only a portion of the claim. Thereafter, Gentry and plaintiffs elected to deal separately with that portion of the claim retained by Gentry. The release executed by these parties stipulated that it was executed in "compromise of a doubtful and disputed claim, and that the payment made is not to be construed as an admission of liability on the part of the party or parties hereby released * * *" who specifically "* * * deny liability therefor and intend merely to avoid litigation and buy their peace."
Finally, pertinent is the observation of the learned trial judge who, in ruling on this case, stated:
"A number of reasons other than admission or acknowledgment of the validity of claims may have motivated plaintiffs' decision to dispose of Gentry as a claimant. Even the payment of the full amount being claimed by Gentry at that time rather than a discounted sum, would not necessarily constitute a legal admission or acknowledgment of the entire claim unless the circumstances clearly revealed such an intention on plaintiffs' part. To interrupt prescription, there must be something more than the mere acknowledgment of the existence of a claim; there must be an admission of liability in a specific sum, couched in clear and certain terms. Neither a promise to `adjust a claim' nor a settlement with a subrogor necessarily interrupts prescription. Kennard v. Yazoo & M. V. R. Co. [La.App.], 190 So. 188; Peart v. Rykoski, Inc., 195 La. 931, 197 So. 605. The evidence falls far short of proving such an acknowledgment."
We find no basis for concluding that prescription on St. Paul's claims was interrupted in any manner. Hence, we conclude, as did the trial court, that St. Paul's claims had prescribed when its reconventional or third-party demand was filed.
The judgment sustaining the plea of prescription is, therefore, affirmed at defendants' cost.
Affirmed.