COVINGTON, Chief Judge.
Robert M. Dearing received emergency medical treatment at Terrebonne General Medical Center for injuries he sustained in an auto accident December 1, 1983. Mr. Dearing died during surgery.
*212 Decedent’s parents, Robert E. Dearing and Lucille A. Dearing, filed a civil suit for wrongful death and survival action of their son against parties they believed to be responsible for the auto accident. Terre-bonne General Medical Center perfected a lien against any proceeds recovered by the Dearings pursuant to R.S. 9:4751-9:4755 for the amount of the bill incurred, $4,831.70. Notice of this lien was sent by certified mail, return receipt requested, February 23, 1984, to the Dearings’ attorneys, Samante and Barnes in Houma.
Subsequent to the settlement of the Dearings’ claims for a total of $30,000, their attorney filed a motion to quash the lien. Plaintiffs asserted that the lien was not applicable to the money they received for the wrongful death of their son.
The trial court determined that the settlement of claims covered both the wrongful death action and survival action. There was no designation of division of the funds for each action.
The trial court determined that the settlement was made on the basis of attributing 75% fault to the deceased and ruled that Terrebonne General Medical Center could recover from the settlement proceeds, pursuant to its lien, only 25% of the total bill.
We agree with the trial court in allowing for recovery on the lien. However, we find that the court erred in reducing the total amount of recovery from settlement funds based on the percentage of decedent’s fault. The language of the applicable statutes, R.S. 9:4752-9:4755, does not support the trial court’s interpretation of the law.
R.S. 9:4752 establishes the privilege:
A hospital that furnishes services or supplies to any injured person shall have a privilege for the reasonable charges or fees of such hospital on the net amount payable to the injured person, his heirs, or legal representatives, out of the total amount of any recovery or sum had, collected, or to be collected, whether by judgment or by settlement or compromise, from another person on account of such injuries, and on the net amount payable by any insurance company under any contract providing for indemnity or compensation to the injured person. Provided, however, the privilege of an attorney shall have precedence over the privilege created under this section.
R.S. 9:4753 sets out the procedure for perfecting the lien. Written notice must be mailed certified mail, return receipt requested. A person not properly noticed shall not be affected by the privilege.
The trial court noted that these statutes were enacted prior to our comparative negligence law. Under the contributory negligence doctrine, a hospital would not recover pursuant to this privilege if plaintiff were barred due to his negligence. However, the court reasoned that the hospital should not be allowed “a windfall” from the efforts of the parents. As the parents’ settlement was based upon a theory that their son was 75% at fault, the judge held that the hospital could recover only 25% of its bill.
It is impossible to ignore the clear language of R.S. 9:4752 stating that a hospital “shall have a privilege for the reasonable charges or fees of such hospital on the net amount payable to the injured person, his heirs.... ” The trial court determined that the fees were reasonable. Terrebonne General Medical Center is entitled to recover pursuant to its lien for the full amount of the bill, $4,831.70, at appellee’s cost.
For the foregoing reasons, we amend the judgment of the trial court to increase the quantum to $4,831.70.
AMENDED AND AFFIRMED.
LeBLANC, J., concurs.