596 So.2d 293 (1992)
Gerald MOORE, Plaintiff-Appellee,
v.
STATE of Louisiana, FOR the LOUISIANA STATE UNIVERSITY MEDICAL CENTER AT SHREVEPORT, Defendant-Appellant.
No. 90-939.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1992.
Writ Denied June 26, 1992.
*294 Kenneth N. Simmons, Many, for plaintiff-appellee.
A. Mills McCawley, Shreveport, for defendant-appellant.
Before FORET and LABORDE, JJ., and PATIN[*], J. Pro Tem.
FORET, Judge.
This is an appeal from a rule to show cause filed by Gerald Moore against Louisiana State University Medical Center Hospital (LSU). Plaintiff and appellee, Gerald Moore, was injured when electrocuted on August 30, 1988, while knocking down pears from a tree in his front yard. Moore was using a twenty-foot aluminum pole to gather the pears, which came into contact with a 14,000 volt line which ran over Moore's property.
Moore was hospitalized at LSU Medical Center Hospital in Shreveport, defendant-in-rule and appellant herein. Moore subsequently filed a lawsuit against CLECO on October 4, 1988. Meanwhile, Moore received a final bill from LSU for treatment of injuries totaling $52,445.96. In the action against CLECO, LSU asserted a lien and privilege for $52,445.96 against Moore's claim for damages or any settlement proceeds from CLECO.
Moore settled his claim with CLECO and a judgment of dismissal was signed and filed on January 3, 1990. On this same date, Moore filed a petition for declaratory judgment and for concursus against LSU and deposited the sum of $52,445.96 in escrow with the Clerk of Court of Sabine Parish, Louisiana. By this same petition, Moore moved for a rule to show cause as to why LSU's claim against the settlement proceeds should not be declared prescribed. In the alternative, Moore prayed for a rule to show cause directing LSU to appear and show cause why the court should not order LSU to be charged with a proportionate share of Moore's reasonable and necessary costs of recovery, including attorney's fees. Additionally, Moore prayed that LSU show why its lien and privilege should not be reduced by that proportionate share, as well as by any proportionate share of comparative fault attributed to Moore. This rule to show cause was to be heard on February 26, 1990.
On February 21, 1990, five days before the show cause hearing, LSU filed a petition of intervention in the concursus proceeding to which Moore responded on February 23, 1990, three days before hearing, with an exception of no cause of action and no right of action.
At the show cause hearing on February 26, 1990, LSU additionally filed a memo in opposition to Moore's exceptions of no cause or right of action, an answer to the petition for declaratory judgment and concursus, together with a reconventional demand and a motion for summary judgment with supporting memoranda[1].
Subsequent to the hearing on the rule to show cause, the trial court rendered judgment, pursuant to written reasons, in favor of LSU in the amount of $53,991.97, subject to a credit and reduction in favor of Gerald Moore in the amount of $19,175.47. This reduction and credit constitutes a pro rata share of the costs, expenses, and fees, including attorney's fees of Moore's litigation against CLECO. Additionally, the trial court denied Moore's claim that the award to LSU should be reduced pro rata for Moore's comparative negligence.
*295 LSU now appeals, contending that the trial court erred in reducing its claim for medical expenses by a pro rata share of Moore's expenses of litigation in the suit against CLECO. By answer to appeal, Moore contends that the trial court erred in denying his exceptions of prescription, no cause of action[2], or no right of action[3], and further, that the trial court erred in denying the claim of Moore that any award to LSU should be reduced pro rata due to Moore's comparative negligence. We affirm the judgment of the trial court, as amended.

I. PRESCRIPTION
On April 17, 1989, the attorney for LSU sent a letter via certified mail to Moore's attorney asserting the statutory subrogation rights of LSU Medical Center pursuant to La.R.S. 46:8-15. Additionally, in the same notice, LSU perfected a medical privilege for services rendered to Moore by LSU Medical Center for treatment and supplies rendered to Moore pursuant to La. R.S. 9:4751, et seq.
The rights asserted by LSU under 46:8, et seq. and La.R.S. 9:4751, et seq. are distinct and unique. La.R.S. 46:8 states, in pertinent part:
"Where a patient in any state supported... hospital in the state has been injured by the negligence of another person ..., and has a right of action for the recovery of compensatory damages against that person, the department [of Health and Human Resources] ..., shall be subrogated to the right of action to the extent of reasonable charges for services rendered to the patient, including physicians' and surgeons' fees."
The prescription against a claim by a charitable hospital for hospital services rendered an injured person against a negligent person causing injury begins to run from the time of injury or, in this case, on August 30, 1988. It is a claim based on a tort, and a prescription period of one year is applicable. See Peart v. Rykoski, Inc., 195 La. 931, 197 So. 605 (1940); Wright v. Home Indemnity Co., 1 So.2d 709 (Ct.App.Orleans 1941).
Under La.R.S. 46:11 and 46:11.1, LSU had the right to proceed by "rule, in a direct action or by intervention by third opposition, ...." LSU may intervene, under La.R.S. 46:11.1, "at any time prior to judgment in any personal injury suit."
As to the prescriptive period, La.R.S. 46:11.1 B states:
"It is the intention of this Section that prescription shall not run against the intervention by the department ... in any such suit in which any of them may have an interest until judgment has been rendered in the cause ... or the prescriptive period provided by law for the cause of action has run, whichever is the later."
Under this analysis, LSU had until the later date of August 30, 1989 (one year from Moore's injury), or January 3, 1990 (the date of the judgment of dismissal of Moore's action against CLECO), to file an intervention. The trial court, in its reasons for judgment, correctly found that the intervention filed February 21, 1990, was untimely because the action by Moore against CLECO was dismissed prior to its filing. Therefore, LSU's petition for intervention must be dismissed.
Regardless of LSU's failure to assert its subrogation rights under La.R.S. 46:8 in a timely manner, LSU has asserted a timely lien and privilege for medical services provided pursuant to La.R.S. 9:4752, et seq. LSU is properly before this Court insofar as it has been ruled into court pursuant to Moore's rule to show cause in the concursus proceeding.
II. IS LSU, AS A LIEN HOLDER UNDER LA.R.S. 9:4752, ET SEQ., RESPONSIBLE FOR A PRO RATA SHARE OF MOORE'S LITIGATION AND ATTORNEYS FEES INCURRED BY MOORE IN HIS ACTION AGAINST CLECO?
The lawsuit between Moore and CLECO was settled for $325,000, of which $108.333.33 was paid to Moore's attorney *296 for attorney's fees and $7,112 was paid for costs. The trial court, relying on Moody v. Arabie, 498 So.2d 1081 (La.1986), held LSU responsible for its pro rata share of the litigation costs associated with Moore's suit against CLECO. In Moody, the Louisiana Supreme Court held "that the necessary and reasonable costs of recovery are to be apportioned between the worker and the employer according to their interest in the recovery." Moody, at 1086.
This analysis is based upon a determination that the right of the employee to recover damages from a third person is a property right which is co-owned by the employer and the worker. As co-owner, the employer may be forced to contribute to the costs of maintenance and conservation of the common thing in proportion to his interest. This includes the employer's proportionate share of the reasonable and necessary expenses and legal services which accrue to his benefit.
We find that the trial court erred in determining that Moore and LSU Medical Center were co-owners of the settlement proceeds resulting from the lawsuit between Moore and CLECO. Unlike the situation in Moody, Moore is a debtor of LSU, while an employee is not a debtor of his employer. The relationship between the hospital and Moore is that of creditor-debtor. Unlike the hospital's right under La. R.S. 46:8, et seq., La.R.S. 9:4752 does not create a direct cause of action in favor of the hospital against CLECO and, as such, is not a true legal subrogation relationship. As stated by the Second Circuit in Richland Parish Hosp. v. Hanover Ins., 486 So.2d 1079 (La.App. 2 Cir.1986), at 1082-83:
"Rather, it places a privilege on the insurer's [negligent third party's] funds before they are paid. LSA-R.S. 9:4753. The privilege is not a cause of action in itself but an accessory right, a form of security for ultimate payment. LSA-C.C. arts. 1913, 3186."
La.R.S. 9:4752 defines the privilege, in pertinent part, as follows:
"A ... hospital ... that furnishes services... to any injured person shall have a privilege for the reasonable charges or fees of such ... hospital ... on the net amount payable to the injured person, his heirs, or legal representatives, out of the total amount of any recovery or sum had, collected, or to be collected, whether by judgment or by settlement or compromise, from another person on account of such injuries....
The privilege of an attorney shall have precedence over the privilege created under this Section."
The clear language of La.R.S. 9:4752 states that the hospital shall have a privilege for the reasonable charges or fees on the net amount payable to the injured person out of the total amount of recovery, whether by judgment or settlement. In this case, the net amount paid to Moore was approximately $210,000 after the payment of costs and attorney's fees. The statute also clearly gives precedence to the privilege of an attorney over that of the hospital. Under this statute, it is clear that the attorney's privilege would be satisfied first and the hospital's privilege should be satisfied next out of the net amount payable to Moore. Under this authority, we find that LSU is entitled to recover the full amount of its lien for $52,445.96.[4] See Charity Hospital v. Band, 593 So.2d 1392 (La.App. 4 Cir.1992).

III. COMPARATIVE NEGLIGENCE
By answer to appeal, Moore contends that the trial court erred in failing to reduce LSU's claim by the percentage of fault attributed to Moore. We find no error in the judgment of the trial court insofar as we find no authority for the proposition that a debtor's debt to a lien holder, i.e., a hospital, should be reduced by the debtor's comparative negligence in causing the injury which resulted in the accrual of the debt. This question was recently answered by the First Circuit in Dearing v. Schwab, 525 So.2d 211 (La.App. 1 Cir.1988), writ denied, 530 So.2d 90 (La.1988), with the same results.

*297 CONCLUSION
Based upon the foregoing, we amend the judgment of the trial court and award Louisiana State University Medical Center the full amount of $52,445.96. Costs of this appeal are to be paid by Gerald Moore, plaintiff-appellee herein.

DECREE
AFFIRMED, AS AMENDED.
NOTES
[*] Judge John A. Patin, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] Moore's exceptions of no cause of action or no right of action, filed in response to LSU's petition of intervention and LSU's motion for summary judgment were not set to be heard prior to or together with the rule to show cause at issue herein. Additionally, LSU's reconventional demand, filed at the show cause hearing, was neither answered nor set for hearing and was not properly before the court at the February 26, 1990 hearing. Therefore, we have not dealt with any assignments of error regarding LSU's reconventional demand, LSU's motion for summary judgment, or Moore's exceptions of no cause of action or no right of action.
[2] See Footnote #1.
[3] See Footnote #1.
[4] The trial court apparently believed that the amount deposited was $53,991.97. We will correct the final judgment to reflect the proper amount deposited into the registry of the court.