GULOTTA, Judge,
This is an appeal from a dismissal of a rule for judgment against a garnishee.
The facts are that a judgment was obtained by plaintiff and against the defendants in the sum of $1,064.92, plus 25 percent attorney’s fees and 8 percent interest from January 20, 1963, until paid. Garnishment proceedings were instituted on April 27, 1970, seeking to make Manhattan Manor Nursing Home, Inc. (the employer of Deotha Joseph Language) garnishee. Service of the interrogatories and notice of seizure were effected on May 21, 1970. More than 15 days had elapsed from the date of service without Manhattan filing an answer to the interrogatories.
A rule for judgment against the garnishee was filed on May 26, 1971, more than a year subsequent to service being effected. Answer was filed on June 17, 1971, acknowledging that the defendant, Deotha Joseph Language, was employed at a net take-home pay of $58.37 a week after federal withholding tax and FICA were deducted.
There are two questions raised by appellants and posed for our consideration. The first is, can an agreement be made by plaintiff, defendant and garnishee whereby voluntary payments would be made directly from the employee to the plaintiff thereby obiating the necessity of answers to the interrogatories being filed by the garnishee? Secondly, are the provisions of the 1970 amendment to LSA-R.S. 13:3881 [1] applicable to garnishment proceedings instituted *710 prior to the effective date of the amendment to the garnishment statute ? [2]
In connection with the first question, it is plaintiff’s contention that the garnishee’s failure to timely file an answer to the garnishment petition requires a judgment being granted in favor of plaintiff and against the garnishee, irrespective of any agreement of voluntary payments having been made.
Plaintiff relies on LSA-C.C.P. arts. 2412 and 2413, which, when read together, provide that the garnishee shall file his sworn answers to the interrogatories within 15 days from the date of service; and if the garnishee fails to answer within the delay provided by LSA-C.C.P. art. 2412, the judgment creditor may proceed by contradictory motion against the garnishee for the amount of the unpaid judgment with interest and cost.[3]
We do not find any meritorious basis for appellant’s contention that a voluntary agreement, if one is in fact made, cannot do away with the necessity of filing an answer within the time prescribed. Any agreement of this nature is certainly not contra bonos mores, and, as such, is entitled to the effect of law. Under Louisiana law, all agreements have the effect of law upon parties as long as the agreement is not contra bonos mores or in violation of some prohibitory law. See: LSA-C.C. arts. 1895, 1901; Chemical Cleaning, Inc. v. Brindell-Bruno, Inc., 214 So.2d 215 (La.App. 4th Cir. 1968).
We find no disagreement with the cases cited by appellant[4] interpreting LSA-C.C. P. 2412 and 2413; however, those cases are clearly distinguishable from the facts before us and inapposite in that there was no agreement between the parties as was shown in this instance.
LSA-C.C.P. art. 1001, an analogous provision to those cited and relied upon by appellant reads in part,
“A defendant shall file his answer within fifteen days after service of citation upon him, except as otherwise provided by law.” (emphasis ours)
*711 While IS days after service are allowed for filing an answer to a petition under LSA-C.C.P. art. 1001, failure to do so in that situation within the prescribed time does not require a judgment being granted in favor of the plaintiff. Delay for filing an answer may be extended by agreement between the parties litigant. Moreover, an answer may be filed at any time prior to obtaining a judgment whether the time designated has elapsed or not.
In the instant case, the trial judge concluded that an agreement for voluntary payments had been made and that this agreement precluded the necessity of the garnishee filing an answer. In oral reasons for judgment he stated:
“The Court feels that when you read the Articles of the Code of Civil Procedure, 24:12, 24:13, 24:14, (sic) there is nothing in those articles which state that the Plaintiff could not make an agreement with the garnishee not to file an answer because we are receiving voluntary payments. And it is apparent in this case that is what happened.”
An examination of the record supports the factual determination of the trial judge, the effect of which was to relieve garnishee from filing an answer. Richard Blanke, Collection Manager for the plaintiff, acknowledged the existence of this agreement and further acknowledged that in compliance therewith, several payments were made between May, 1970, and January, 1971, subsequent to the date of the filing of the garnishment proceedings and the date of service on the garnishee. According to his testimony, he assumed that payments were made directly from Mrs. Language. It is significant that the effective date of LSA-R.S. 13:3881 was July 2, 1970, and that this statute provided for an exemption from garnishment of $70.00 per week. Deotha Language’s pay at that time was $58.37 per week. Moreover, William Riley, administrator of the Manhattan Manor Nursing Home, as well as Deotha Language, corroborated the fact that an agreement was made to make voluntary payments directly to plaintiff.
As this suit is solely for the alleged amount of the unpaid judgment plaintiff holds against the defendants, and as the agreement between plaintiff and the garnishee not only precluded the necessity of an answer being filed but also clearly relieved the latter from withholding anything from Mrs. Language’s salary, we are of the opinion the trial judge properly dismissed the rule for judgment against the garnishee. In view of this determination, we find it unnecessary to consider the question of the retrospective or retroactive effect of LSA-R.S. 13:3881.
The judgment of the trial court is silent regarding attorney’s fees, and it is appellant’s contention that he is entitled to a judgment for attorney’s fees pursuant to the provisions of LSA-C.C.P. art. 2413, which provides in this respect:
“Regardless of the decision on the contradictory motion, the court shall render judgment against the garnishee for the costs and a reasonable attorney’s fee for the motion.”
We are of the opinion that the above provisions relating to attorney’s fees must be limited to the circumstances contemplated in the article. Any voluntary agreement between the parties which makes the provisions of this article inapplicable as between the parties litigant has the same effect in making the remaining provisions regarding the assessment of attorney’s fees inapplicable. Accordingly, we find no error in the trial court’s failure to assess any attorney’s fees. Judgment is affirmed.
Affirmed.

. Garnishment proceedings were instituted on April 27, 1970. The effective date of the statute is July 2, 1970. Rule for judgment against the garnishee was heard on July 14, 1971, and judgment dismissing the rule was rendered on August 9, 1971.

. LSA-C.C.P. art. 2412 reads:
“The sheriff shall serve upon the garnishee the citation and a copy of the petition and of the interrogatories, together with a notice that a seizure is thereby effected against any property of or indebtedness to the judgment debtor.
“Service shall be made in the manner provided for service of citation, except that if the garnishee is an individual, service must be personal. If the garnishee has concealed or absented himself with the purpose of avoiding personal service, the court may order that service be made in any other manner provided by law.
“The garnishee shall file his sworn answers to the interrogatories within fifteen days from the date of service.” (emphasis ours)
LSA-C.C.P. art. 2413 reads :
“If the garnishee fails to answer within the delay provided by Article 2^12, the judgment creditor may proceed by contradictory motion against the garnishee for the amount of the unpaid judgment, with interest and costs. The failure of the garnishee to answer prior to the filing of such a contradictory motion is prima facie proof that he has property of or is indebted to the judgment debtor to the extent of the judgment, interest, and costs. “Judgment shall be rendered against the garnishee on trial of the motion unless he proves that he had no property of and was not indebted to the judgment debtor. If on the trial of such motion, the garnishee proves the amount of such property or indebtedness, the judgment against the garnishee shall be limited to the delivery of the property or payment of the indebtedness, as provided in Article 2415.
“Regardless of the decision on the contradictory motion, the court shall render judgment against the garnishee for the costs and a reasonabe attorney’s fee for the motion.” (emphasis ours)

. Vela v. Jurisich, 210 So.2d 108 (La.App. 4th Cir. 1968) ; Associate Discount Corporation v. Haviland, 218 So.2d 59 (La. App.3rd Cir. 1969).