590 So.2d 1248 (1991)
CHEVRON U.S.A., INC.
v.
Daniel A. OLIVER, et al.
No. CA 90 1576.
Court of Appeal of Louisiana, First Circuit.
November 22, 1991.
Rehearing Denied January 22, 1992.
*1249 William Mouton, Lafayette, for plaintiff-appellee Chevron U.S.A., Inc.
Ashton L. Stewart, Baton Rouge, for defendant-appellant Daniel A. Oliver.
William Whatley, Paul S. West, R. Gray Sexton, Baton Rouge, for defendants-appellants Ida Price Williams, et al.
Phillip J.D. Simon, Lafayette, for defendants-appellants John E. Walker and Annie H. Walker.
John M. Bemiss, Jr., Port Allen, curator for Non-Resident defendant-appellant.
Before LOTTINGER, EDWARDS and GONZALES, JJ.
EDWARDS, Judge.

FACTS
This matter arises out of a concursus proceeding instituted on September 20, 1983, by Chevron U.S.A., Inc. (Chevron), as mineral lessee of numerous competing claimants, seeking to have the ownership interests in lands and mineral rights among the rival claimants judicially determined. The concursus petition alleged that an undivided 45.48% ownership interest to the land was being claimed adversely by appellant Daniel A. Oliver (Oliver), on the one hand, and the seventy named heirs and assigns of Hardy Price and George Williams, collectively, on the other hand. During the course of the litigation, Oliver entered into five settlement agreements, entitled "Joint Judicial Declarations ..." which compromised the claims between him and all of the other claimants.[1] These agreements formed the bases for five summary judgments which were subsequently rendered. The last of these judgments was signed on January 21, 1988.
On January 12, 1989, almost one year later, Oliver filed a pleading in the concursus proceeding entitled "Answer of Daniel A. Oliver," which contained a reconventional demand against Chevron. Chevron filed six exceptions to Oliver's answer.[2] The trial court heard arguments on the reconventional demand and the exceptions on November 20, 1989, and on March 15, 1990. Judgment was rendered, on June 22, 1990, dismissing, with prejudice, Oliver's answer and reconventional demand, denying Chevron's six exceptions, and declaring the concursus proceeding "to be closed, ended and terminated as of January 21, 1988...." Oliver appeals the judgment.

DISMISSAL OF OLIVER'S ANSWER
Oliver maintains that in the course of negotiations with the other claimants, it *1250 was determined that a certain percentage of the interests, alleged by Chevron to be in dispute, was actually not in dispute. In his answer, Oliver asserts a claim against Chevron for royalties, allegedly due, on the interests which were determined to be indisputably his. We find no merit to this argument.
A concursus proceeding is limited to a determination of the ownership of funds in dispute. See La.C.C.P. arts. 4651 et seq. The primary purpose of the proceeding is to protect the stakeholder from multiple liability, from conflicting claims, and from the vexation attending involvement in multiple litigation in which the stakeholder may have no direct interest. See Louisiana Intrastate Gas Corporation v. Muller, 290 So.2d 888 (La.1974). A concursus contemplates a proceeding which leads to a single judgment adjudicating all issues between the parties. Asian International, Ltd. v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 435 So.2d 1064, 1067 (La.App. 1st Cir.1983). See also Fidelity & Guaranty Insurance Company v. Succession of Smith, 525 So.2d 348, 352 (La.App. 1st Cir.1988). The jurisdiction of the court is limited to disposing of the fund on deposit and relieving the stakeholder from further liability to the impleaded claimants arising out of or as a result of the stakeholder's ownership or possession of the fund. Landry and Passman Realty, Inc. v. Beadle, Swartwood, Wall & Associates, Inc., 303 So.2d 761, 763 (La. App. 1st Cir.1974) cert. denied, 307 So.2d 631 (La.1975). The concursus proceeding, therefore, is complete once the dispute between the rival claimants is resolved and their interests have been adjudicated.
In the instant case, the concursus was complete upon the rendering of the summary judgment dated January 21, 1988. At that moment in time, no dispute existed among the claimants as to the ownership interests of the property in question. Indeed, appellant concedes that his claim is based on alleged ownership interests which are not in dispute.[3]
The trial court dismissed Oliver's answer based on its finding that the concursus proceeding had been terminated in 1988, upon the rendering of the last summary judgment. We find no error in the trial court's conclusion. An answer may be filed at any time prior to obtaining a judgment whether the time designated has elapsed or not. Globe Automobile Finance Company v. Language, 261 So.2d 708, 711 (La.App. 4th Cir.1972). Nevertheless, an answer filed after the entry of judgment in a case is of no consequence and has no legal effect whatsoever in that case. Aswell v. United States Fidelity and Guaranty Company, 244 So.2d 243, 244 (La.App. 3rd Cir.1971). See also La. C.C.P. arts. 1001, 1002. Therefore, we affirm the trial court's judgment dismissing Oliver's answer.
NOTES
[1] These agreements were between Oliver and the following claimants, respectively: Walter C. Williams et al defendants; David A. Hall et al defendants; John E. Walker et al; Ida Price Williams et al; and Lucinda Hayes Bell.
[2] These exceptions were: a dilatory exception raising the objection of improper cumulation of actions, declinatory exceptions raising the objections of lis pendens and lack of subject matter jurisdiction, and the peremptory exceptions raising the objections of res judicata, no cause of action and no right of action.
[3] Our review of the record reveals that the Joint Judicial Declarations (compromise agreements) upon which the judgments were based contain statements pertaining to Oliver's interests which were determined to be undisputed. However, the summary judgments rendered fail to include such provision. We note that Oliver may have sought clarification of his interests by an appeal of these judgments (based on any deficiency therein), or by a motion for a new trial. No action was taken by Oliver, however, until approximately one year later, when the answer at issue was filed.