# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## CA 06-1024
### consolidated with CA 06-1025

ANTHONY MARQUEZ

VERSUS

PROGRESSIVE INSURANCE COMPANY, ET AL.

consolidated with

LOUISIANA FARM BUREAU MUTUAL INSURANCE COMPANY

VERSUS

ANTHONY MARQUEZ

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, DOCKET NO. 220,284 c/w 222,451
HONORABLE HARRY F. RANDOW, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and James T. Genovese, Judges.

**AFFIRMED.**

Maria A. Losavio
Losavio Law Office, L.L.C.
1821 MacArthur Drive
Alexandria, Louisiana 71315-2420
(318) 767-9033
COUNSEL FOR PLAINTIFF/APPELLANT:
     Anthony Marquez

**Brandon A. Sues**
**Gold, Weems, Bruser, Sues & Rundell**
**201 MacArthur Drive**
**Post Office Box 6118**
**Alexandria, Louisiana  71307-6118**
**(318) 445-6471**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Rapides Healthcare System, L.L.C.**
**d/b/a Rapides Regional Medical Center**

**Ian A. McDonald**
**Perret Doise**
**600 Jefferson Street, Suite 1200**
**Post Office Box 3408**
**Lafayette, Louisiana 70502**
**(337) 262-9000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Progressive Insurance Company**

**J. Payne Williams**
**Williams Family Law Firm, L.L.C.**
**162 Jefferson Street**
**Post Office Box 15**
**Natchitoches, Louisiana 71458-0015**
**(318) 352-6695**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Louisiana Farm Bureau Mutual Insurance Company**

**Thomas Overton Wells**
**1254 Dorchester Drive**
**Post Office Box 13438**
**Alexandria, Louisiana 71315**
**(318) 445-4500**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**John P. Skrobarcek and Kristy Skrobarcek**

**Ellis G. Saybe**
**Davis & Saybe, L.L.P.**
**Post Office Box 12430**
**Alexandria, Louisiana 71315**
**(318) 445-3621**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Orthopaedic and Sports Medicine Specialists**

**GENOVESE, Judge.**

Plaintiff, Anthony Marquez (Marquez), appeals the trial court's judgment disbursing funds pursuant to consolidated concursus proceedings provoked by certain insurers as a result of extensive medical bills incurred by Plaintiff in an auto accident. For the following reasons, we affirm the trial court's judgment.

## FACTUAL BACKGROUND

On March 5, 2005, Marquez was involved in an automobile accident and was transported to Rapides Regional Medical Center (Rapides) for medical treatment. Rapides is owned by Rapides Healthcare System, L.L.C. and provided medical treatment to Marquez from March 5, 2005 through March 13, 2005 for multiple, serious injuries. As a result of said auto accident, Marquez filed a personal injury suit against the driver of the other vehicle, John Skrobarcek (Skrobarcek), and Progressive Security Insurance Company (Progressive), Skrobarcek's automobile liability insurer. Marquez averred that Skrobarcek, as the negligent operator of the vehicle which had collided with Marquez's vehicle, was liable to him for damages. Marquez also brought in his own uninsured/underinsured motorist (UM) carrier, Louisiana Farm Bureau Casualty Insurance Company (Farm Bureau), as a Defendant for UM and medical payments (med-pay) benefits. Thereafter, Rapides perfected a lien for services rendered to Marquez in accordance with La.R.S. 9:4753.[1]

---

[1]Louisiana Revised Statutes 9:4753 provides:
    The privilege created herein shall become effective if, prior to the payment of insurance proceeds, or to the payment of any judgment, settlement, or compromise on account of injuries, a written notice containing the name and address of the injured person and the name and location of the interested health care provider, hospital, or ambulance service is mailed by the interested health care provider, hospital, or ambulance service, or the attorney or agent for the interested health care provider, hospital, or ambulance service, certified mail, return receipt requested, to the injured person, to his attorney, to the person alleged to be liable to the injured person on account of the injuries sustained, to any insurance carrier which has insured such person against liability, and to any insurance company obligated by

1

On August 1, 2005, Farm Bureau filed a petition for concursus in the Alexandria City Court and deposited its UM policy limits of $10,000.00 and medical payment policy limits of $5,000.00 into the court's registry, naming Marquez and Rapides[2] as Defendants. On September 15, 2005, Progressive also filed a petition for concursus in the Ninth Judicial District Court, Rapides Parish, Louisiana, and deposited its liability policy limits of $10,000.00 into the court's registry, naming the same Defendants. The Farm Bureau concursus matter was transferred from Alexandria City Court to the Ninth Judicial District Court, Rapides Parish, Louisiana. Thereafter, the two concursus proceedings were consolidated.

Pursuant to Rapides's motion to disburse settlement funds deposited by Farm Bureau and Progressive, a hearing was held on January 9, 2006. After taking the matter under advisement, the trial court rendered judgment ordering that the funds on deposit in the registry of the court be disbursed as follows: $7,992.57 for attorney fees; $1,559.78 for court costs; and $15,153.56 for medical services rendered by Rapides to Marquez. A judgment in conformity with the trial court's determination was signed on May 31, 2006. Marquez filed the instant suspensive appeal on July 24, 2006.

---

contract to pay indemnity or compensation to the injured person. This privilege shall be effective against all persons given notice according to the provisions hereof, and shall not be defeated nor rendered ineffective as against any person that has been given such notice, because of failure to give such notice to all those persons named herein.

[2]Other medical providers were also named as Defendants; however, the trial court ruled that Rapides was the only medical provider to timely perfect a lien for its services pursuant to La.R.S. 9:4753.

## ISSUES

In his brief to this court, Marquez presents the following issues:

1.  Did the trial court err in finding that the healthcare provider lien holder under La.R.S. 9:4752 had a preference to the funds over an innocent victim's rights resulting in no recovery to the victim?

2.  Did the trial court err in finding that the healthcare provider lien holder under La.R.S. 9:4752 attached to uninsured/underinsured motorist insurance proceeds?

3.  Did the trial court err in finding that the healthcare provider lien holder under La.R.S. 9:4752 attached to any portion of the settlement funds that were not specifically designated for medical services or supplies?

4.  Did the trial court err in not equitably distributing the settlement funds allowing some recovery to the victim?

## LAW AND DISCUSSION

Louisiana Code of Civil Procedure Article 4651 defines a concursus proceeding as "one in which two or more persons having competing or conflicting claims to money, property, or mortgages or privileges on property are impleaded and required to assert their respective claims contradictorily against all other parties to the proceeding." "The primary purpose of [a concursus] proceeding is to protect the stakeholder from multiple liability, from conflicting claims, and from the vexation attending involvement in multiple litigation in which the stakeholder may have no direct interest." *Allen & Norman, LLC v. Chauvin*, 04-519, p. 3 (La.App. 1 Cir. 6/29/05), 916 So.2d 1071, 1073 (citing *Chevron U.S.A., Inc. v. Oliver*, 590 So.2d 1248 (La.App. 1 Cir. 1991), *writ denied*, 597 So.2d 1028 (La.1992)). "A concursus contemplates a proceeding which leads to a single judgment adjudicating all issues between the parties." *Chevron*, 590 So.2d at 1250. The case *sub judice* concerns the distribution of the net proceeds collected by Marquez from all available insurers,

3

Progressive and Farm Bureau.

On appeal, Marquez contends that allowing the trial court's judgment to stand is tantamount to allowing the lien holder greater rights to the plaintiff's recovery than the plaintiff. Marquez argues such a judgment would be inequitable because he, the innocent, injured victim, would be entitled to nothing, and he would still be responsible for the remaining balances on his various medical bills. Marquez contends that the inequity of his receiving nothing should warrant a reversal of the trial court's ruling.

Marquez argues that it was not the legislature's intent to hold a lien holder's interest superior to that of an innocent, injured victim. Marquez contends that if this were the case, La.R.S. 9:4752 would have contained specific language to that effect; however, no such language exists. In support of his assertions, Marquez analogizes the medical provider lien, set forth in La.R.S. 9:4752, with the workers' compensation lien set forth in La.R.S. 23:1103(A)(1).[3] He asserts that La.R.S. 23:1103(A)(1) specifically gives the employer a preference over the injured worker for recovery of benefits paid; therefore, because La.R.S. 9:4752 does not specifically give the medical provider preferential rights over the innocent, injured victim, such a

_____

[3]Louisiana Revised Statutes 23:1103 provides, in pertinent part:
> A. (1) In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in [La.]R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six percent per annum, and shall be satisfied by such payment. The employer's credit against its future compensation obligation shall be reduced by the amount of attorney fees and court costs paid by the employee in the third party suit.

4

preference was not intended by the legislature.

Marquez argues that the trial court erred in allowing the healthcare provider's lien under La.R.S. 9:4752 to attach to Marquez's UM proceeds. Marquez argues that the trial court's ruling disregards the object of the UM statute, i.e., to promote full recovery for damages by an innocent, injured victim. Marquez contends that the trial court not only allowed the healthcare provider lien to attach to the UM policy, but it, in effect, gave the entire UM policy to the healthcare provider and none to the innocent, injured victim.

Marquez also argues that the language of La.R.S. 9:4752 supports his interpretation that the medical providers lien attaches only to the portion of the funds that represent actual medical services or medical supplies. Marquez again analogizes La.R.S. 9:4752 to the workers' compensation provisions found at La.R.S. 23:1103(B). Marquez asserts that La.R.S. 23:1103(B) specifically states that the employer enjoys a preference over the injured worker for the recovery of benefits paid; therefore, because La.R.S. 9:4752 does not also contain such specific language to provide the medical provider preferential rights over the injured, innocent plaintiff, such a preference was not intended by the legislature. Finally, counsel for Marquez asserts that she has always maintained a willingness to reduce her attorney fees in an effort to promote an equitable distribution of funds; however, Rapides maintains it is entitled to the entire amount of the funds deposited into the registry of the court after Marquez's attorney fees and court costs are deducted. Thus, even if counsel for Marquez were to stipulate to a fee less than the current one-third ($33^{1}/_{3}$ %) contingency fee agreement, Rapides would assert entitlement to the difference created by counsel's stipulation.

5

Rapides asserted a lien on the proceeds of any third-party recovery Marquez might obtain pursuant to La.R.S. 9:4752, which states:

> A health care provider, hospital, or ambulance service that furnishes services or supplies to any injured person shall have a privilege for the reasonable charges or fees of such health care provider, hospital, or ambulance service on the net amount payable to the injured person, his heirs, or legal representatives, out of the total amount of any recovery or sum had, collected, or to be collected, whether by judgment or by settlement or compromise, from another person on account of such injuries, and on the net amount payable by any insurance company under any contract providing for indemnity or compensation to the injured person. The privilege of an attorney shall have precedence over the privilege created under this Section.

Marquez's medical expenses incurred at Rapides totaled $56,265.24. Rapides argues that because it proved it had furnished services and supplies to Marquez and timely provided Marquez's attorney with written notice in accordance with La.R.S. 9:4753, it has perfected a privilege, or lien, created by La.R.S. 9:4652 and, therefore, is entitled to the remainder of the funds after attorney fees and court costs are paid. Rapides defends the propriety of the trial court's judgment arguing that Marquez's analogies to the workers' compensation laws are inapplicable. We agree.

In written reasons, the trial court stated:

> The [c]ourt finds the arguments of [P]laintiff appealing for the reason that in this case and many like this one, plaintiffs recover little or nothing for their injuries. However, the law seems clear in favoring the interest of the health care providers who perfect their claim under [La.]R.S. 9:4752 over injured persons. Further, the [c]ourt is not aware of any jurisprudence that supports [P]laintiff's argument on this point. Accordingly, the [c]ourt orders that the settlement proceeds first are distributed to satisfy the [P]laintiff's attorney fees that are subject to a legal privilege and the remainder of said settlement proceeds is distributed to Rapides Medical Center in satisfaction of their lien.

In *Moore v. State, La. State Univ. Med. Ctr.*, 596 So.2d 293 (La.App. 3 Cir.), *writ denied*, 600 So.2d 667 (La.1992), LSU Medical Center Hospital perfected a lien for services rendered to an injured plaintiff in accordance with La.R.S. 9:4751, *et seq.*

6

This court held that the plaintiff is considered to be a debtor of the hospital, stating "the relationship between the hospital and [the plaintiff] is that of creditor-debtor." *Id.* at 296. This court allowed LSU reimbursement for the full amount of its lien stating, in pertinent part:

> The clear language of La.R.S. 9:4752 states that the hospital shall have a privilege for the reasonable charges or fees on the net amount payable to the injured person out of the total amount of recovery, whether by judgment or settlement. . . . The statute also clearly gives precedence to the privilege of an attorney over that of the hospital. Under this statute, it is clear that the attorney's privilege would be satisfied first and the hospital's privilege should be satisfied next out of the net amount payable to [plaintiff].

*Id.*

The privilege or lien set forth in La.R.S. 9:4752 applies to <u>any</u> recovery and neither distinguishes nor differentiates between liability, UM, or med-pay insurance benefits. Following this court's reasoning in *Moore*, we find no error of law with the trial court's judgment ordering disbursement of the insurance proceeds in accordance with La.R.S. 9:4752.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against Plaintiff/Appellant, Anthony Marquez.

**AFFIRMED.**