# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 10-1362


**TABATHA NOLAN, ET AL.**

**VERSUS**

**AUDUBON INSURANCE GROUP, ET AL.**


********\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 80,866
HONORABLE JULES DAVID EDWARDS, III, DISTRICT JUDGE

********\*

**BILLY HOWARD EZELL
JUDGE**

********\*

Court composed of Billy Howard Ezell, J. David Painter, and James T. Genovese, Judges.

                                                        **AFFIRMED.**


**Gregory John McDonald**
**Robin Catherine O'Bannon**
**Bienvenu, Foster, Ryan & O'Bannon, LLC**
**1010 Common Street, Suite 2200**
**New Orleans, LA 70112-2401**
**(504) 310-1500**
**Counsel for Defendants/Appellees:**
**Audubon Insurance Company**

**Andrea Suchermann Lestelle**
**Terrence Jude Lestelle**
**Jeffrey B. Stuckoff**
**Richard M. Morgain**
**Lestelle & Lestelle, APLC**
**3421 North Causeway Blvd, Suite 602**
**Metairie, LA 70002**
**(504) 828-1224**
**Counsel for Plaintiffs/Appellants:**
**Tabatha Nolan**
**Ciji Nolan Garcia**
**Blake Nolan**
**Brent Nolan**
**Robert Nolan**

**Stephen Drexel Ridley**
**307 Marguerite Road**
**Metairie, LA 70003**
**(504) 338-3861**
**Counsel for Plaintiffs/Appellants:**
**Tabatha Nolan**
**Ciji Nolan Garcia**
**Blake Nolan**
**Brent Nolan**
**Robert Nolan**

**EZELL, JUDGE.**

Robert and Tabatha Nolan (the Nolans) appeal a decision of the trial court granting a motion for concursus in favor of Audubon Insurance Company. The Nolans also appeal the trial court's refusal to award them penalties arising from Audubon's alleged failure to pay a settlement under La.R.S. 22:1973. For the following reasons, we hereby affirm the decision of the trial court.

The Nolans obtained a homeowners' insurance policy from Audubon for their former home in Branch, Louisiana. Two mortgage companies, Aurora Loan Service and Encore Credit Corporation (the mortgagees), were listed on the policy as having an interest therein. The Nolans made a claim for water damage they alleged was related to an earlier claim concerning Hurricane Lili. Audubon disputed the claim, and the Nolans filed suit in 2003. After suit was filed, the home was foreclosed upon and sold via sheriff's sale. The Nolans filed for Chapter 7 bankruptcy and had their outstanding debts discharged, allegedly including the now unsecured debts to the mortgagees concerning the family home. The bankruptcy was completed in 2007.

In February 2010, a trial commenced on the still outstanding claim against Audubon. After the third day of trial, the Nolans and Audubon reached an agreement to settle the suit for $40,000. Audubon issued a settlement check twenty-three days later, naming the Nolans, their children, their attorneys, and the mortgagees as payees. The Nolans felt as if the mortgagees should not have been listed as payees, and Audubon filed the current petition for concursus. The Nolans then filed a motion seeking penalties for failure to pay the settlement within thirty days as required by La.R.S. 22:1973. The trial court granted Audubon's request for concursus and denied the Nolans' claim for penalties. From that decision, the Nolans appeal.

1

The Nolans assert three assignments of error on appeal. They claim the trial court erred in granting concursus to Audubon; in refusing to order Audubon to re-issue the settlement check without the names of the former mortgagees; and in failing to award the Nolans penalties under La.R.S. 22:1973.

We will first address the Nolans' claim that the trial court erred in granting Audubon's request for a concursus. The Code of Civil Procedure defines a concursus proceeding as "one in which two or more persons having competing or conflicting claims to money, property, or mortgages or privileges on property are impleaded and required to assert their respective claims contradictorily against all other parties to the proceeding." La.Code Civ.P. art. 4651. The chief intent of a concursus proceeding is to protect a stakeholder "from multiple liability from conflicting claims and from the vexation attending involvement in multiple litigation in which the stakeholder may have no direct interest." *Landry & Passman Realty, Inc. v. Beadle, Swartwood, Wall & Assocs., Inc.*, 303 So.2d 761, 763 (La.App. 1 Cir.1974), *writ refused*, 307 So.2d 631 (La.1975); *see also Rehab. Concepts Plus, Inc. v. Wills*, 42,400 (La.App. 2 Cir. 10/10/07), 968 So.2d 262; *Marquez v. Progressive Ins. Co.*, 06-1024 (La.App. 3 Cir. 12/6/06), 944 So.2d 876. The Louisiana Supreme Court has noted that a concursus can be used not only to prevent multiple liability, but also to prevent multiple litigation, and therefore can be used by a person against whom multiple claims are asserted, even though liability on some or even all of the claims is denied. *La. Intrastate Gas Corp. v. Muller*, 290 So.2d 888, 895 (La.1974). Recently, in *Cimarex Energy Co. v. Mauboules*, 09-1170, 09-1180, 09-1194, p. 23 (La. 4/9/10), 40 So.3d 931, 946, the supreme court stated:

> Concursus serves important interests by efficiently resolving potential multiple actions in the same lawsuit, thereby conserving judicial and party resources. It also allows a person subject to the possibility of competing claims to avoid the risk of multiple liability that

could result from adverse determinations in different courts. The court of appeal erred in imposing a duty on [the concursus filer] to investigate or evaluate the relative strengths and merits of the underlying claims. The imposition of such a duty undermines the purpose of the concursus proceeding. While we do not go so far as to hold that concursus should automatically be granted whenever it is invoked, courts should allow concursus liberally.

Here, the Nolans claim that Audubon should be denied a concursus because under bankruptcy law, the former mortgagees can not seek to recover from them. However, just because the banks are prohibited from attempting to collect the discharged debt from the Nolans personally does not mean that the debt itself is extinguished or that the banks can not go after a third party, such as Audubon. The Audubon policy language stated that mortgagees would be listed as payees for claims for damages. That language was clear and known at the time of the settlement. The policy also contained additional language indicating a possible separate contractual relationship was created between the insurer and the mortgagees - specifically stating that claims denials would not apply to valid claims of mortgagees and that only insureds would be provided no coverage if they committed fraud, *i.e.*, retaining mortgagees' right to recover in case of fraud by an insured.

Additionally, Audubon points out that neither of the mortgagees listed in their insurance contract with the Nolans are listed in the bankruptcy documents and that the debts owed to them have not necessarily been proven to have been discharged via the bankruptcy. A review of the records supports this argument. The Nolans claim in brief and in argument that Aurora Loan Service was the first creditor represented in its unsecured creditors section of their bankruptcy documents. However, 1st Mortgage is the entity actually listed and Aurora is nowhere to be found in Section F. The Nolans claim that 1st Mortgage is actually Aurora, but there is nothing in the record to substantiate this claim. Encore is also absent from the bankruptcy filings.

3

The Nolans claim that another listed creditor, Franklin Credit Management, ultimately came to own the mortgage previously held by Encore, but again, there is nothing in the record to back up this self-serving claim.

Audubon was not only well within its rights to try to protect itself from any additional liability to the mortgagees via concursus, it was acting reasonably in doing so. The Nolans may very well be correct in their claims regarding the former mortgagees' rights to the settlement proceeds or even the status of their existences. However, we are not here to judge the merits of the requested concursus, merely to determine if its granting was correct. The trial court did not commit error in granting Audubon's request for concursus, especially in light of the record before us and the liberal allowance for the practice set forth under *Cimarex*.

Because we find that the trial court was correct in granting Audubon's request for concursus, the Nolans' claim that the trial court erred in failing to order Audubon to reissue the settlement check without the names of the mortgagees is rendered moot, as any right the mortgagees may have to the settlement funds will be determined in the concursus proceeding. Accordingly, this assignment of error need not be addressed.

Finally, the Nolans claim that the trial court erred in failing to award them penalties for Audubon's alleged failure to pay the settlement within thirty days of the agreement being reduced to writing. Louisiana courts have generally held that statutes subjecting insurers to penalties are considered penal and, as such, should be strictly construed. *Theriot v. Midland Risk Ins. Co.,* 95-2895 (La. 5/20/97), 694 So.2d 184; *Hart v. Allstate Ins. Co.*, 437 So.2d 823 (La.1983). Moreover, a trial court's grant of penalties under La.R.S. 22:1973 is discretionary. *Sultana Corp. v. Jewelers Mut. Ins. Co.*, 03-360 (La. 12/3/03), 860 So.2d 1112. Audubon did render payment

4

to the Nolans within thirty days of the settlement being reduced to writing; the Nolans were just not happy with the manner in which the check was written. When this dispute arose, Audubon acted in a good faith manner, offering to reissue the check if the Nolans could provide waivers from the mortgagees. When the Nolans either could not or refused to do so, Audubon sought concursus to insure they would not be subject to any liability from the former mortgagees. We can find no abuse of the trial court's discretion in its decision to deny the Nolans penalties under the facts of the case before us.

For the above reasons, we hereby affirm the judgment of the trial court. Costs of this appeal are assessed against the Nolans.

**AFFIRMED.**