WELCH, J.,
dissenting.
hi respectfully disagree with the majority opinion in this matter. Allstate tendered payment within the 30 day requirement of the mediation agreement, therefore, the judgment of the trial court granting Allstate’s motion for summary judgment and denying plaintiffs’ corollary motion for partial summary judgment should be affirmed.
The present case is analogous to the facts of Nolan v. Audubon Ins. Group, 10-1362 (La.App. 3 Cir. 3/9/11), 59 So.3d 487 in which the insurer tendered payment to the insured within the 30 day statutory allotment. The insured rejected the payments since they “were just not happy with the manner in which the check was written.” The third circuit subsequently refused to award penalties for late payment noting that Audubon
acted in a good faith manner, offering to reissue the check if the Nolans could provide waivers from the mortgagees. When the Nolans could not or refused to do so, Audubon sought concursus to insure that would not be subject to any liability from the former mortgagees.
Id. at 490.
The September 11, 2009 mediation agreement contained the provision for Al-state to make payments to Instant Replay Sports and Mr. Orzehoskie 30 days after the date of the mediation agreements as per La. R.S. 22:1973 B(2) — and Alstate did so, tendering payment on October 8, 2011, which the plaintiffs rejected. A-though the mediation agreement contained a provision that the | {.plaintiffs would be responsible for satisfying the liens and the rights of the SBA, Alstate was acting similarly to Audubon in recognizing the rights of the SBA and acting to honor those rights while avoiding double liability.
Louisiana Revised Statutes 22:1973(A) imposes a duty of good faith and fair dealing on insurers and La. R.S. 22:1973 B(2) allows the imposition of penalties only if an insurer “knowingly commit[s] or perform[s]” a failure to pay a settlement within 30 days after the agreement is reduced to writing. Athough the mediation agreement in the present case provided the amounts the defendants would pay and the provision for the plaintiffs to make payments to the SBA, it also required that the parties “draft a settlement and release agreement to be signed by all parties.” Revisions of this settlement and release agreement drawn up by Alstate on September 24, 2009 and October 6, 2009, both of which were sent to plaintiffs, include that Alstate would “within fourteen (14) days after execution of this Agreement by all Parties, tender three checks jointly payable to Instant Replay Sports, Inc., the United States Small Business Administration and the Law Offices of Edward Sherman” the amounts agreed upon, illustrating Allstate’s good faith understanding and performance of the execution of the checks. Under these circumstances, I do not believe that it could be found that Alstate knowingly failed to make payments within 30 days of the agreement.
Thus, I respectfully dissent.