liCARAWAY, Judge.
Bienville Holding Company, Inc. (“Bien-ville”) filed a petition styled “Concursus Action to Deposit Funds and Implead Rival Defendant” in district court in Webster Parish. Named as defendants were Gerald E. Huggs (“Huggs”) and Quality Machine & Supply, Inc. (“Quality”), both of whom were domiciled outside of Webster Parish.
The petition alleges that Bienville is the assignee of Duane Cloud (“Cloud”), who by virtue of an assignment, obtained an undivided ¾ interest to all accounts receivable of Shreveport Intrastate Gas Transmission Corporation (“SIGT”). The petition alleges that Huggs was the assignee of the other undivided ½ interest to all accounts receivable of SIGT. As further alleged, Cloud and Huggs also were assigned their respective undivided ½ interest of the assignor’s (SIGT) interest in and to a May 20, 1987 distributorship agreement between Miser Controls, Inc. and SIGT.
Bienville claims that Quality is the successor corporation to Miser Controls, Inc. and now owes certain unidentified funds to Bien-ville and Huggs as the successors of SIGT. Nevertheless, such funds have not been paid by Quality because Huggs has directed Quality to pay directly to him (Huggs) any funds due to SIGT. Bienville alleges that Quality is aware of this dispute between Huggs and Bienville and has not made payment to Bien-ville pending resolution of the matter.
Bienville alleges that Huggs is entitled to 50% of the funds being held by Quality for the assignees of SIGT, and it alleges that it is entitled to 50% of the funds owed to the assignees of SIGT. The petition asks the court for an order requiring Quality to deposit 50% of all monies due to the assignees of SIGT in the registry of the court pending the outcome of this litigation.
_JjBienville’s petition was met with exceptions of improper venue from Quality and Huggs. Quality also filed a motion requesting that the court vacate the ex parte order to deposit the funds in the court registry inasmuch as the suit should be dismissed for improper venue. The trial court overruled the exceptions. We granted Huggs’ and Quality’s writ application to review the trial court’s decision.
Quality alleged that it is a Louisiana corporation with its registered office and principal place of business in Lafayette Parish. It alleges it has no business contacts whatsoever with Webster Parish where the suit was filed. It contends that venue is proper for any suit filed against it in Lafayette Parish as the place of its registered office pursuant to the general venue provisions contained in LSA-C.C.P. art 42.[1] Quality contends that this is an action ex contractu and not a concursus action as filed by Bienville. It claims that only a debtor may invoke a con-cursus proceeding.
Huggs’ exception of venue claims that because he is domiciled in Caddo Parish, the proper venue for any suit against him is Caddo Parish, relying on LSA-C.C.P. art. 42(1).' Again, claiming that the action is ex contractu, not properly a concursus proceeding, Huggs claims venue is proper in Caddo Parish.
Bienville argues that this is a classic ease for a concursus because it and Huggs are disputing money- held by Quality. It -contends that venue is proper under LSA-C.C.P. art. 4653(A), which provides for where a concursus proceeding may be brought. That article states:
*431 A. Except as provided in the second paragraph of this article, a concursus proceeding may be brought in any parish of proper venue, under Article 42 only, as to any claimant impleaded therein.
^Bienville contends that since it is a claimant to the funds held by Quality, venue is proper in the parish of its domicile, Webster Parish.

Louisiana Procedural Latv of Concursus

Concursus is a form of procedure and has been characterized as a facility or means of applying the substantive law. The primary purpose of the concursus statute is to avoid a multiplicity of suits and actions, and it contemplates a proceeding leading to a single judgment which finally adjudicates all issues between the parties. Johnson v. Lemons, 157 So.2d 752 (La.App. 2d Cir.1963). The definition of the concursus proceeding under LSA-C.C.P. art. 4651 requires that two or more competing claimants to a fund or other property be impleaded or made defendants in the action.
Following the enactment of the Louisiana Code of Civil Procedure, concursus was no longer limited to a disinterested stakeholder, or to an obligor who admits his indebtedness but does not know to whom a fund in his hands should be distributed. “The remedy may now be used not only to prevent multiple liability, but to prevent multiple litigation, and thus may be used by a person against whom multiple claims are asserted, although liability on some or all of these claims is denied.” Comments, LSA-C.C.P. art. 4652. Louisiana Intrastate Gas Corporation v. Muller, 290 So.2d 888 (La.1974). Since the plaintiff may or may not admit liability in bringing the action, the depositing of funds into the registry of the court remains the choice of the plaintiff. Comment, LSA-C.C.P. art. 4658. The benefit afforded by the special concursus rule for venue under LSA-C.C.P. art. 4653 allows the party exposed to multiple claims to bring the action in the venue of any one of the claimants impleaded and to require all other defendant/claimants to appear and defend in that venue and to assert their claims.

_[⅜Discussion

Bienville argues that, in the interest of judicial economy, it may utilize the coneur-sus procedure, choose its domicile as the proper venue and require the deposit of Quality’s alleged debt into the court registry. By initiating the litigation, Bienville thereby prevents Quality from making those choices and requires the deposit of a sum equal to the unsecured debt into the registry of the court in advance of judgment or even any contradictory hearing.
Bienville, however, has no need for the special concursus procedure for the sake of judicial economy because it has no exposure to multiple claims and suits. Bienville has a personal contractual action against Quality who may or may not be successful in defending against Bienville’s claim by demonstrating that the disputed funds are owed only to Huggs. Bienville has presented no action for the recovery, of the fund against Huggs,[2] and therefore, need not bring Huggs into any action to obtain a judgment on the contractual obligations of Quality. Therefore, not being exposed to multiple claims, Bien-ville requires no special venue for the efficient resolution of its contract claim against Quality. Bienville may sue its alleged debt- or, Quality, in the parish of Quality’s corporate domicile under the general venue rule of LSA-C.C.P. art. 42.
The language of both the definitional article for a concursus, Article 4651, and the special venue statute in question, Article 4653, supports the above analysis by specifying the need for “two or more” “claimant(s) impleaded” for the utilization of the concur-sus proceeding. Two claimants have not been sued or impleaded into this action by Bienville. Thus, under the express wording ofJsArtiele. 4653, even if this had been a proper concursus action, the plaintiffs domicile, as opposed to a defendant’s place of venue, could not be a proper venue.

*432
Conclusion

Accordingly, we render judgment in favor of the defendants, Quality Machine & Supply, Inc. and Gerald E. Huggs, sustaining the exceptions of improper venue and dismissing the petition of the Bienville Holding Company, Inc.
REVERSED AND RENDERED.

. C.C.P. arts. 42(1) and (2), which provide the applicable rule of venue for these defendants in the absence of the special concursus rule for venue, state:
(1) An individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence.
(2) A domestic corporation, or a domestic insurer, shall be brought in the parish where its registered office is located.

. Bienville prayed for no money judgment against Huggs, but only impleaded Huggs into this suit to present his claim. Though Bienville might have an action for declaratory judgment against Huggs to determine their rights as the alleged co-owners or co-assignees to the disputed funds, it need not bring this action to obtain direct recovery through a suit against Quality.