968 So.2d 262 (2007)
REHABILITATION CONCEPTS PLUS, INC., Charles Jackson, Agent, Plaintiff-Appellee
v.
Clarence WILLS, Defendant-Appellant.
No. 42,400-CA.
Court of Appeal of Louisiana, Second Circuit.
October 10, 2007.
Rehearing Denied November 29, 2007.
*263 Clarence Wills, pro se.
Angela M. Smith, for Appellee.
Before WILLIAMS, GASKINS, PEATROSS, MOORE and LOLLEY, JJ.
LOLLEY, J.
Clarence Wills appeals a judgment by the Shreveport City Court, Parish of Caddo, State of Louisiana, in favor of Rehabilitation Concepts Plus, Inc. ("Rehabilitation Concepts") on its suit on open account. For the following reasons, we reverse the trial court's judgment.

FACTS
As presented on appeal by Rehabilitation Concepts, this lawsuit involves a seemingly straightforward suit on open account by Rehabilitation Concepts against Wills for the amount of $2,188.00. However, beneath the simple facade presented by Rehabilitation Concepts lies far more complicated content.
On January 24, 2003, Wills was involved in a motor vehicle accident, and he obtained treatment from Rehabilitation Conceptsa company that provides rehabilitation and therapy services. Wills received treatment from Rehabilitation Concepts from January 29, 2003 through February 26, 2003. As claimed by Rehabilitation Concepts, Wills failed to pay the amount due of $2,188.00, despite repeated demands for payment. Although the record contains Wills' consent for treatment, there is no contract for services included that would provide what the terms for payment might have been.
Previously, Wills had filed suit in connection with his accident, which he ultimately settled with National Automotive Insurance Company ("National Automotive") for $5,700.00. The settlement appears to have included the fees for services provided by Rehabilitation Concepts in the amount of $2,188.00. An initial concursus proceeding was instituted by National Automotive to determine how the settlement proceeds would be disbursed. The hearing on that matter took place at the trial court on September 28, 2005, and was the subject of an appeal to this court. See Wills v. National Automotive Ins., 41,034 (La.App. 2d Cir.04/12/06), 926 So.2d 771 ("Wills I"). In the initial concursus proceeding, the trial court entered judgment that allowed the withdrawal of Wills' settlement proceeds and the payment to Rehabilitation Concepts (along with other creditors in the litigation) of Wills' debt. However, in Wills I this court vacated that judgment due to procedural irregularities, and the matter was remanded for further proceedings.
On September 26, 2006, the second concursus proceeding was held. Although the *264 judgment does not reflect that a representative for Rehabilitation Concepts appeared, the concursus record does contain the minutes from the trial court that show personal service being made on Rehabilitation Concepts on May 22, 2006. The trial court's judgment dated October 4, 2006, dismissed the concursus proceeding and ordered the disbursement of the entire settlement proceeds to Wills. That judgment makes no mention of Rehabilitation Concepts and was not appealed by any party.
Rehabilitation Concepts filed its petition on open account on September 26, 2006 the same day as the second concursus proceeding. In its statement of claim, it noted that "[i]n a court proceeding this AM in the courtroom of Judge Bill Kelly, the proceeds of settle [sic] are being released to Mr. Wills." Wills answered that he only owed Rehabilitation Concepts $500.00. Further, he moved for that proceeding to be removed from Small Claims Court to City Court, which it was. On November 21, 2006, the trial court heard oral arguments and reviewed the presented evidence on Rehabilitation Concepts' suit on open account. It considered the argument by Wills regarding the concursus proceeding and Rehabilitation Concepts' failure to assert its claim. However, the trial court determined that the record of the concursus proceeding did not indicate that Rehabilitation Concepts had been served with notice so that Rehabilitation Concepts could assert its claim against the settlement proceeds. Based on that, the trial court determined that Wills owed Rehabilitation Concepts $2,188.00 on open account. This pro se appeal by Wills ensued.

DISCUSSION
On appeal, Wills argues that Rehabilitation Concepts is precluded from asserting a claim against him, because it failed to assert its claim during the concursus proceeding. In essence, Wills argues that the concursus judgment is res judicata as to the subsequent claim on open account by Rehabilitation Concepts. We agree.
The peremptory exception of res judicata cannot be supplied by the court it must be specially pleaded. La. C.C.P. art. 927 B; Knighten v. Knighten, 447 So.2d 534 (La.App. 2d Cir.1984), writ denied, 448 So.2d 1303 (La.1984). Although Wills, appearing herein and at the trial court pro se, has not filed specifically a pleading entitled "Exception of Res Judicata," his argument, both before the trial court and now on appeal, is obviously such. Before both courts, Wills argued that Rehabilitation Concepts had an opportunity to make its claim in the concursus proceedings, but failed to do so, and should be precluded from later coming and asserting a claim against him. Whereas the words "res judicata" were never uttered by this pro se litigant, he sufficiently raises the issue of res judicata, and we will consider it on appeal. See Fox v. National Gypsum, Inc., 1996-25 (La.App. 5th Cir.04/30/96), 673 So.2d 1223.
As provided in La. C.C.P. art. 4651, "[a] concursus proceeding is one in which two or more persons having competing or conflicting claims to money, property, or mortgages or privileges on property are impleaded and required to assert their respective claims contradictorily against all other parties to the proceeding." Concursus is a form of procedure and has been characterized as a facility or means of applying the substantive law. The primary purpose of the concursus statute is to avoid a multiplicity of suits and actions, and it contemplates a proceeding leading to a single judgment which finally adjudicates all issues between the parties. Bienville Holding Co., Inc. v. Quality Mach. & Supply, Inc., 29,113 (La.App. 2d Cir.12/11/96), 685 So.2d 429, writ denied, *265 XXXX-XXXX (La.02/07/97), 688 So.2d 507. The definition of the concursus proceeding under La. C.C.P. art. 4651 requires that two or more competing claimants to a fund or other property be impleaded to made defendants in the action. Id. Each defendant in a concursus proceeding is considered as being both a plaintiff and a defendant with respect to all other parties. La. C.C.P. art. 4656.
In this matter, a review of the court minutes from the second concursus proceeding shows clearly that Rehabilitation Concepts received personal service of notice of the proceedings on May 22, 2006. It is unclear how the trial court made a determination that Rehabilitation Concepts did not have notice of those proceedingsa finding that was the basis for its ultimate determination that Rehabilitation Concepts should prevail in its claim against Wills. On September 26, 2006, the second concursus proceeding was conducted. Although the judgment rendered following that proceeding does not indicate an appearance by Rehabilitation Concepts, Charles Jackson, the owner and agent of Rehabilitation Concepts, admitted at the trial on the claim for open account that he had knowledge of and was present at the concursus proceeding. Moreover, in the Statement of Claim filed at the trial court by Rehabilitation Concepts and signed by Jackson on September 26th, it noted that the concursus proceeding had taken place that morning, signifying knowledge of the proceeding. Finally, appeal counsel for Rehabilitation Concepts confirmed that Jackson was present at the September 26th concursus proceeding.[1]
Louisiana R.S. 13:4231, which addresses the issue of res judicata, states as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at that time of the final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Further, as stated in the La. Civil Law Treatise, 1A Civil Procedure-Special Proceedings 52, § 4.3:
Res judicata, literally "the thing adjudged," bars relitigation of claims that have been processed to final judgment in an action between parties. The societal policies underlying the doctrine are obvious: judicial efficiency and fairness to the parties. However, a final judgment should not bar all claims between parties, but only those claims which were or should have been litigated in the suit. *266 The general common law rule is that the judgment bars all claims "which might have been pleaded" in the suit.
In determining the issue at hand, we consider the stated concept of res judicata as it pertains to the concursus proceeding, noting that the procedural tool of concursus contemplates a proceeding leading to a single judgment which finally adjudicates all issues between parties. Here, although the trial court erroneously determined otherwise, the record clearly shows that Rehabilitation Concepts was properly served with notice of the second concursus proceeding and Jackson, by his own admission, was present at the hearing on behalf of Rehabilitation Concepts. It was given an opportunity to appear and assert its claim for the funds it was owed as a result of providing medical treatment to Wills. If Rehabilitation Concepts, which appeared through its owner, Jackson (presumably a non-lawyer), was ignorant as to the nature of those proceedings, it was incumbent upon it to secure legal counsel to offer advice and to protect its legal rights. Failure to do so, in this case, only served to deprive Rehabilitation Concepts of that portion of the settlement proceeds that it might have otherwise been entitled to. Rehabilitation Concepts' failure to assert its claim properly during the concursus proceeding served to prevent it from subsequently revisiting the very same issue (i.e., payment of its claim for treatment of Wills' injuries) against him. Rehabilitation Concepts got its bite at the apple at the concursus proceedings, and it cannot have a second bite on its suit on open account. So considering, we conclude that the judgment rendered by the trial court following the second concursus proceedings is res judicata as to Rehabilitation Concepts' claim for payment in connection with Wills' personal injury litigation against National Automotiveclaim that clearly existed at the time of the second concursus proceeding.

CONCLUSION
For the foregoing reasons, the judgment of the trial court in favor of Rehabilitation Concepts Plus, Inc. and against Clarence Willis is reversed. Costs of these appeal proceedings are assessed to Rehabilitation Concepts.[2]
REVERSED.
GASKINS, J., dissents with written reasons.
PEATROSS, J., dissents with written reasons.
GASKINS, J., dissenting.
I respectfully dissent from the majority's reversal of the trial court judgment. I would affirm the trial court, which found that Rehabilitation Concepts was not previously given the opportunity to make its claim against the proceeds in the concursus trial.
Rehabilitation Concepts was personally served with the Rule to Show Cause in the concursus claim. On the court date of the Rule to Show Cause, the trial judge ruled on motions and granted a trial on the merits for a later date. From the record, it appears the September 26, 2006, trial date was set by the plaintiff, Clarence Wills, outside of court. A letter was sent by the clerk's office to Rehabilitation Concepts, notifying it of the September 26 trial date. La.Code of Civil Procedures article 1313 states that "[I]f a pleading or order sets a court date, then service shall be *267 made by registered or certified mail or as provided in Article 1314." Nothing in the file indicates the letter was sent by registered or certified mail, or that it was served by the sheriff.
At the trial on the open account claim, which is the instant case, the trial judge found no service had been made on Rehabilitation Concepts for the September 26, 2006, concursus trial. It is unclear whether the trial judge did not see the notice letter sent by the clerk's office or found the letter to be inadequate since it was mailed without registration or certification.
Mr. Jackson, the agent for Rehabilitation Concepts, testified about the concursus lawsuit:
Now every time we were subpoenaed to come to court I came here myself and I get right in court. There was never there was nothing ever said about us asserting our claims to 2188. We set through this proceeding and left and went back to the office. We never had were never given the opportunity to assert our claims of 2188 that's owed to Rehab Concepts. But I was every time we were subpoenaed I was here. Now however this was handled in court I have nothing to do with that but I was here. Every single time this came up we were subpoenaed I was here sitting right here in this courtroom.
Mr. Wills emphatically testified that Mr. Jackson was not in court for the concursus trial. The minutes and judgment for that date both list the appearances in court, and neither Mr. Jackson, nor Rehabilitation Concepts, is named.
The majority finds that Mr. Jackson's testimony means Mr. Jackson was in court on the date of the concursus trial, and failed to assert his claim. I think this statement indicates Mr. Jackson was in court every time he was notified, but that it is unclear whether he was present for the concursus trial. The trial court found that Rehabilitation Concepts was not properly notified of the concursus trial date and did not have the chance to present its claim. Although not specifically named as such, this second lawsuit sought to nullify the concursus judgment. See La. C.C.P. art. 2002(A)(2).
I would affirm the trial court's judgment, based on Rehabilitation Concepts not receiving adequate notice of the concursus trial, and not being allowed to present its claim.
PEATROSS, J., dissenting.
This case involves the language of La. C.C.P. art. 4651 to the effect that "[a] concursus proceeding is one in which two or more persons having competing or conflicting claims to money, property, or mortgages or privileges on property are impleaded and required to assert their respective claims contradictorily against all other parties to the proceeding." (Emphasis added.) This case turns on the definition of "claims" as used in this article and what the consequence would be of not asserting such "claims."
The majority takes the position that the claim is the debt between the parties and the debt is essentially waived or extinguished by not asserting it in the previous concursus proceeding against the money, property or mortgages or privileges on property at issue in concursus ("the fund"). I disagree. As I read the statute and appreciate the purpose of a concursus, the claim, as referred to in the article, is only the right of a party to collect money from "the fund" and the penalty for not asserting this right as required in the article is to be precluded from getting that claim paid out of "the fund." A failure to assert a claim in concursus has no effect on the underlying debt from which the claim *268 arises. Such a failure does not extinguish the debt or affect a debtor's obligation to pay it.[3]
In many cases, the loss of payment from the concursus fund is essentially loss of any recovery because the debtor may have no additional assets to pay the creditor or may have already spent any recovery he collected from "the fund." Such situations fall under general provisions regulating debtor-creditor relations. In addition, in many situations, such as a dispute over life insurance proceeds or property held by the stakeholder, the only issue between the parties is their conflicting claims to "the fund." No party has any additional actionable issue to later assert against the opposing party beyond their claim to "the fund." Loss of their claim in concursus is loss of any recovery.
While case law is surprisingly sparse on whether a debt not asserted in concursus can be brought as a suit on an open account, the case law on concursus supports my view that concursus is about disposition of "the fund," not about resolving the debt between the parties, unless, of course, by paying the debt out of "the fund" deposited in the registry of the court. For example, in Pearson Distributors, Inc. v. St. Tammany Motors, Inc., 417 So.2d 415 (La.App. 1st Cir.1982), plaintiff filed suit on an open account and defendant sought to convert it into a concursus proceeding. Defendant asserted that there was only a limited fund to pay his many creditors and sought to have that fund equitably distributed. On appeal, the court held that the defendant did not satisfy the requirement for concursus of "competing or conflicting claims" because plaintiff was not seeking payment of any particular fund. The court further held that creditors merely seeking payment from the same debtor does not satisfy the concursus requirement for "competing or conflicting claims." Thus, the court acknowledged that a concursus proceeding mainly concerns "the fund" at issue and not the debtor-creditor relationship between the parties. The court so held even while recognizing that a purpose of concursus is to avoid multiple litigation.
The language used by the majority in the case sub judice further lends itself to be interpreted that all claims arising from the transaction or occurrence that eventually lead to the concursus proceeding must be asserted in the concursus. The majority states that the primary purpose of concursus is to avoid a multiplicity of suits and actions, citing Bienville, supra. The majority emphasizes that "concursus contemplates a proceeding leading to a single judgment which finally adjudicates all issues." While this is standard language found in opinions involving concursus and is certainly true when considered as to claims related to "the fund," I cannot agree that all the parties in concursus are supposed to bring every dispute they have between them that arose from the same transaction or occurrence that underlies the concursus proceeding.
The limited case law, however, holds to the contrary. In Super Construction Co., Inc. v. New Orleans Levee Board, 286 So.2d 134 (La.App. 4th Cir.1973), writ denied, 288 So.2d 643 (La.1974), the court rejected a defendant's argument that a previous concursus proceeding was res judicata on the appealed suits. The defendant-general contractor had been the stakeholder in a concursus proceeding and had placed funds that it held belonging to a subcontractor in the registry of the court. The plaintiff-materialman was one *269 of the claimants who had asserted a claim against those funds in the concursus. In the subsequent suit that was the subject of the appeal, the plaintiff-materialman sued the defendant-general contractor asserting the same debt that was subject to its claim in the concursus. The court, on appeal, reasoned that:
The concursus judgment was only in relation to the outstanding claims against the funds for the credit of [subcontractor] deposited by [defendant-general contractor] in the registry of the court. The concursus proceeding only resolved the issue of funds in the possession of [defendant-general contractor] belonging to [subcontractor] against which plaintiff made a claim. It did not resolve and did not have before it any claim that [plaintiff-materialman] may have had against [defendant-general contractor] [f]or [defendant-general contractor's] liability; therefore, res judicata is not applicable against [defendant-general contractor] and [its] insurer.[4]
Id. (Emphasis added.) Thus, the court reasoned that the concursus only resolved the issue of "the fund" in the registry of the court and not any other claims between the parties.
The majority also overlooks the primary purpose of concursus, which is often cited as "to protect the stakeholder from multiple liability, from conflicting claims, and from the vexation attending involvement in multiple litigation in which the stakeholder may have no direct interest." Allen & Norman, L.L.C. v. Chauvin, 04-0519 (La. App. 1st Cir.6/29/05), 916 So.2d 1071; Marquez v. Porgessive Ins. Co., 06-1024 (La.App. 3d Cir.12/6/06), 944 So.2d 876. The effect of a concursus proceeding on subsequent proceedings should be considered in light of this purpose, as well as to generally avoid a multiplicity of lawsuits. It reflects that the purpose and function of concursus is to resolve the issues concerning distribution of "the fund."
I further foresee a number of impractical consequences from the majority position. Under the majority's holding, a creditor with a $100,000 claim against a debtor must enter a concursus proceeding, along with all claimants with significantly smaller claims, over $10,000/$20,000 insurance proceeds placed in the registry of the court. After being unable to satisfy the debt from the concursus fund, the creditor must then sue the debtor for the remainder. In such a situation, the majority's holding only serves to create a multiplicity of lawsuits. This is, in my mind, neither the purpose of a concursus proceeding, nor does it promote judicial efficiency. To further understand the burden this holding creates on the creditor, finding a court date for the concursus proceeding for which the many claimants are available is daunting and can be nearly impossible. This issue alone can delay the resolution of the concursus for a significant amount of time. Under the majority's ruling, the satisfaction of the creditor's claim must wait first for the resolution of the concursus and then the completion of a second suit. This result, to me, is unacceptable.
In addition, the creditor might attempt to collect his entire debt from the debtor within the concursus proceedings by means of a cross-claim. This cross-claim would subject the other claimants and the stakeholder to the additional legal proceedings and expense involved with the cross-claim that has nothing to do with their individual claim to the concursus *270 fund. I submit that such a complex situation is not mandated by the code of civil procedure.
For these reasons, I respectfully dissent
APPLICATION FOR REHEARING
Before WILLIAMS, GASKINS, PEATROSS, MOORE and LOLLEY, JJ.
Rehearing denied.
NOTES
[1] Why Rehabilitation Concepts did not make a claim at the second concursus proceeding is unknown and unexplained. It is especially perplexing in light of the fact that it did receive its share of the proceeds at the initial concursus proceeding, which judgment was subsequently vacated by Wills I. On appeal, Rehabilitation Concepts makes no mention of the concursus proceeding and does not address Wills' argument as to such, focusing solely on the issue of the open account.
[2] Wills has also requested additional reimbursement of expenses he claimed to have incurred in connection with his appeal. Said expenses are not recognized costs of the appeal and are not considered herein.
[3] I emphasize that, under these facts, the second concursus proceeding did not actually determine any matters related to the debt owed by Wills. The res judicata effect of matters actually argued and decided in the concursus proceeding is not before us.
[4] Note that the court allowed a claimant from the concursus to later sue the stakeholder. Thus, this case also supports, by analogy, that a concursus claimant would also be able to later sue another claimant.