MOORE, J.
 

 1 iThe decedent’s sister, Minnie Taylor Fleming, appeals a summary judgment that (1) annulled a prior judgment of possession that had placed Ms. Fleming and her nieces and nephews in possession of
 
 *1254
 
 the estate, and (2) placed the decedent’s three alleged children in possession. Finding that the record does not resolve all genuine issues of material fact, we reverse and remand for further proceedings.
 

 Procedural History
 

 The decedent, Emmitt Taylor, died intestate in Washington state in January 2001. His sister, Ms. Fleming, lives in Arkansas; one niece and two grandnephews all live in California; we will refer to them herein as “the petitioners.” In May 2007, the petitioners filed a petition for possession, alleging that the decedent owned a tract of land in Claiborne Parish. They also alleged that the decedent was a widower who had no children, so the petitioners were his sole heirs, with Ms. Fleming to receive a 1/3 undivided interest in the property, the niece 1/3, and the rest 1/9 each. They further alleged it was a small estate not requiring administration; the descriptive list valued the tract and minerals at $9,950. An attached verification, as well as the descriptive list, were signed by Elizabeth Taylor as Ms. Fleming’s agent. The petition for possession was signed by James R. Hatch as attorney for the estate.
 

 Of special note is the attached “affidavit establishing jurisdiction and heirship” signed by John and Jeanette Harris, who are not parties to this action. They averred that the decedent “had no children and never adopted anyone.”
 

 | ^Apparently, Mr. Hatch walked the petition through the clerk’s office to the judge’s chambers; Judge Clason signed the judgment of possession as requested on May 3, and it was filed in the conveyance records on May 4.
 

 A few weeks later, in July 2007, Tina Jacobs of South Carolina, and Janice T. Allen and Emmitt Taylor Jr. of Washington state (collectively, “the movers”), filed the instant petition to annul the judgment of possession and reopen the succession. The movers alleged that Ms. Jacobs was the decedent’s daughter by his second marriage, and that Janice and Emmitt Jr. were the children of his first marriage. They attached copies of Washington state birth certificates listing the decedent as Janice and Emmitt Jr.’s father, and the decedent’s first wife as Tina’s mother. They alleged that they had no knowledge of the prior proceedings, and that as decedent’s only children they should be placed in possession of the estate, an undivided 1/3 each. They requested service on Ms. Fleming at a street address in Shongaloo, Louisiana, and long-arm service on the California petitioners. Their attorney, Warren Thornell, apparently walked the petition through to the judge’s chambers, as Judge Clason signed an order reopening the succession “immediately and without notice” that same day.
 

 Elizabeth Taylor, who was never named a party, filed an answer in her own name, denying all the petitioners’ allegations for lack of sufficient information. This answer was signed by David M. Newell as “attorney for the petitioner.”
 
 [1]
 

 |sIn March 2008, the movers filed a petition for possession and rule nisi. In support of the rule, they attached two affidavits of jurisdiction, death and heirship, swearing that the movers were indeed the children of the decedent. They requested service on Ms. Fleming “through her counsel of record, David Newell, Esq.,” and long-arm on the other petitioners. They attached requests for admission, asking the petitioners to admit that their original
 
 *1255
 
 allegations were incorrect and the affidavits they filed were false.
 
 [2]
 

 In April 2008, the movers filed a motion to appoint an attorney for one of the petitioners, Ms. Robinson, whom they had been unable to serve by long-arm. Judge Clason appointed Patrick Jefferson, who was also unable to contact Ms. Robinson but filed a general denial on her behalf.
 

 The minutes recite that a hearing was held before Judge Fallin on April 14 in which the court upset and refixed the rule to annul the judgment of possession. There is no transcript attached, but the movers argued that at this hearing, Ms. Fleming and the other petitioners were properly served with citation of the petition and rule.
 

 At a hearing before Judge Teat on May 12, the movers filed into evidence the copies of their birth certificates and the decedent’s death certificate, as well as the affidavits of James Battle, Suzanne Fleming and Joseph Cornell Wilson Sr., who are not parties to this action. They averred that by his two marriages, the decedent had three children, identified by name as the movers. The movers argued that because the petitioners had |4not answered the requests for admissions within 15 days, these were deemed admitted under La. C.C.P. art. 1467. Mr. Jefferson entered a general denial on behalf of his client, Ms. Robinson; Mr. Newell, on behalf of Ms. Fleming, stated that the requests for admissions “were properly served and no response was had.” He argued, however, that a petition to annul should be by ordinary process, not summary, and that he had no opportunity to speak to the movers or the people who swore the affidavits. He asked the court to set the matter for trial, not rule. Judge Teat gave Mr. New-ell until May 16 to file any exceptions or objections; none appear of record.
 

 On May 27, the movers filed the instant motion for summary judgment on their petition for possession with rule nisi. In support, they attached the three affidavits averring that the decedent had three children, identified as the movers. Service was requested on Ms. Taylor through her counsel, Mr. Newell, and on Ms. Robinson through her appointed curator. In a supporting memorandum, they stated that Ms. Taylor had answered the request for admissions, but that the petitioners had not disputed the movers’ birth certificates and affidavits, hence summary judgment was proper. Judge Clason set a hearing on the motion for June 23.
 

 Two days later, on May 29, Mr. Newell filed a motion and order to withdraw as attorney for Ms. Fleming, reciting in support that his client had been notified. This too was walked through to Judge Clason’s chambers and signed the same day, 25 days before the scheduled hearing.
 

 At the hearing before Judge Fallin on June 23, the movers’ attorney stated that they had received “no objections, no responsive pleadings |fiwhatsoever from any party.” Patrick Jefferson, the curator, stated that he had been unable to reach Ms. Robinson, and “it wasn’t a whole lot of time between” the motion and hearing. Without further discussion, the court granted the motion for summary judgment.
 

 Then, someone stood up in court and identified herself as Elizabeth Taylor. She stated that her attorney had quit and she had not had time to hire another.
 
 *1256
 
 Also, she had no idea who the movers are, as Emmitt Jr. is “in an institution in Washington” and Janice is deceased. Questioned by Mr. Thornell, she responded that she held power of attorney for Ms. Fleming; the record does not show whether Ms. Fleming was also present. The court stated that it was still going to sign the judgment, and Ms. Taylor could hire an attorney to appeal if she so desired.
 

 Judge Fallin signed a summary judgment annulling the prior ex parte judgment of possession and adopting a new judgment of possession to place the movers in possession of the estate, 1/3 each.
 

 Ms. Fleming has appealed in proper person, raising 10 assignments of error.
 

 Discussion
 

 By four of her assignments of error, Ms. Fleming urges the district court erred in granting summary judgment. Although the particular issues raised lack merit,
 
 [3]
 
 we are mindful that every pleading must be construed so | Ras to do substantial justice. La. C.C.P. art. 865. In the interest of justice, this court has the discretion to treat
 
 pro se
 
 filings with greater indulgence than those filed by an attorney.
 
 Rehabilitation Concepts Plus, Inc. v. Wills,
 
 42,400 (La.App. 2 Cir. 10/10/07), 968 So.2d 262. Despite her poorly framed assignments of error, we find that Ms. Fleming has sufficiently challenged the propriety of the summary judgment.
 

 The motion for summary judgment is a procedural device to avoid a full-scale trial when there is no genuine issue of material fact.
 
 Kay v. Carter,
 
 243 La. 1095, 150 So.2d 27 (1963);
 
 Palmer v. Ameriquest Mortgage Co.,
 
 41,576 (La.App. 2 Cir. 12/13/06), 945 So.2d 294,
 
 writ denied,
 
 2007-0353 (La.3/30/07), 953 So.2d 70. Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except certain domestic actions; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2);
 
 Racine v. Moon’s Towing,
 
 2001-2837 (La.5/14/02), 817 So.2d 21. The motion shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B;
 
 Independent Fire Ins. Co. v. Sunbeam Corp.,
 
 99-2181 (La.2/29/00), 755 So.2d 226. Although the parties to a summary judgment should normally attach their supporting evidence to their motions or memoran-da, in the interest of justice this court will consider such evidence if it is properly in the record, though not attached.
 
 Palmer v. Ameriquest Mortgage, supra.
 

 17Pescendants succeed to the property of their ascendants. La. C.C. art. 888. If the deceased leaves neither descendants nor parents, his brothers or sisters or descendants from them succeed to his separate property. La. C.C. art. 892. Obviously, the existence of any direct descendants-—such as the movers—will supersede the succession rights of collater-als—such as the petitioners.
 

 In support of their motion for summary judgment, the movers filed three affidavits averring that the decedent was survived by three children, identified as
 
 *1257
 
 the movers. Previously, however, the petitioners had filed an affidavit signed by two affiants averring that the decedent had no children. Plainly, this creates a disputed factual issue as to whether the decedent had children, and hence whether the movers are entitled to possession of the estate. With this crucial issue unresolved, the judgment will be reversed and the case remanded for further proceedings.
 

 This disposition makes it unnecessary for us to address the remainder of Ms. Fleming’s assignments of error, most of which challenge service, notice and the use of summary process. However, we would note some other irregularities that should be corrected on remand. On two occasions, counsel for the movers has presented ex parte judgments or orders for signature by the court, apparently without any representation that they were unopposed, as required by Dist. Ct. Rule 9.5. If counsel had provided this required information, the court could have ascertained that these judgments were in fact contested. Before obtaining any future ex parte order, counsel is advised to make an accurate factual representation to the court incompliance with Rule 9.5.
 
 [4]
 

 We also note that the district court allowed Ms. Fleming’s counsel to withdraw ex parte without determining that he had been terminated by the client, that he had secured the client’s written consent, or that no hearing or trial was scheduled, as required by Dist. Ct. Rule 9.13(d). It was facially prejudicial to Ms. Fleming for her lawyer to withdraw two days after the movers filed for summary judgment and a mere 25 days before the hearing. Counsel and the court are reminded that the client must either terminate his lawyer, or consent in writing to his withdrawal, before an ex parte motion to withdraw is appropriate. Ms. Fleming is strongly urged to obtain counsel, as professional assistance is essential in a case of this nature.
 

 Conclusion
 

 For the reasons expressed, the summary judgment is reversed and the case remanded to the district court for further proceedings. Costs are to be paid by the movers, Tina Maria Jacobs, Emmitt Taylor Jr. and Janice Men.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . The record does not show that James Hatch ever withdrew as attorney for the estate or participated in the proceedings after obtaining the first judgment of possession.
 

 [2]
 

 . The request for admissions exposes what is perhaps the real basis of this dispute, the allegation that the petitioners received oil and gas royalties of over $26,000 from St. Mary Land & Exploration Company. There is no response on the record, but the movers asserted in a subsequent memorandum that Ms. Fleming responded to the requests.
 

 [3]
 

 . She contends that summary judgment was inappropriate because no named defendant had yet filed an answer as required by La. C.C.P. art. 966 A(l); because the motion was never served on them as required by Art. 966 B; because adequate discovery had not occurred as required by Art. 966 C(l); and because the movers failed to identify or attach the evidence they intended to present in support of the motion. These contentions obviously have no support in the record.
 

 [4]
 

 . When James Hatch filed the petition for possession in May 2007, alleging that the decedent had no children and the petitioners were the sole heirs, he could have reasonably (if incorrectly) believed that the action was unopposed.