Judgment rendered March 1, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,836-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

KARL PENTECOST                                    Plaintiff-Appellant

versus

JOSEPH W. GRASSI,                                 Defendants-Appellees
McKEITHEN, RYLAND, &
CHAMPAGNE

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2019-2913

Honorable Daniel J. Ellender, Judge

* * * * *

KARL PENTECOST                                    In Proper Person


GIBSON LAW PARTNERS, LLC                          Counsel for Appellees,
By:  James H. Gibson                              Joseph W. Grassi;
     Marc D. Moroux                               McKeithen, Ryland &
     Jacquelyn D. Cook                            Champagne; and The
                                                  Law Firm of Louis V.
                                                  Champagne, APC


* * * * *

Before PITMAN, STONE, and MARCOTTE, JJ.

**PITMAN, C. J**.

Plaintiff-Appellant Karl Pentecost appeals the trial court's judgment granting an exception of peremption filed by Defendants-Appellees Joseph W. Grassi, and McKeithen, Ryland & Champagne. For the following reasons, we affirm.

## FACTS

Grassi, of the law firm McKeithen, Ryland & Champagne, represented Pentecost and two of his companies in *Louisiana Safety Ass'n of Timbermen-Self Insurers Fund v. Will Transp., L.L.C.*, 51,798 (La. App. 2 Cir. 2/28/18), 245 So. 3d 1194, *writs denied*, 18-0734 (La. 9/14/18), 252 So. 3d 480, and 18-0731 (La. 9/14/18), 252 So. 3d 485 (the "*LSAT* case"). At the bench trial, Grassi moved for an involuntary dismissal and prevailed, so he did not present a defense. On appeal, this court reversed the dismissal of Pentecost's companies and rendered judgment that his companies were solidarily liable with a third company for insurance premiums. This court did not remand the case for Pentecost and his companies to present their case. Pentecost requested a rehearing, which this court denied. The Louisiana Supreme Court denied writs.

On September 13, 2019, Pentecost, a self-represented litigant, filed a complaint arguing that Defendants committed legal malpractice in their representation of him and his companies in the *LSAT* case. He argued that their breach of duty led to damages in excess of $748,930.44 plus attorney fees. He requested $500,000 in general damages for past, present and future pain and suffering; interest; and other just and equitable relief.

On November 4, 2019, Defendants filed an answer. They stated that no action or inaction of theirs fell below the standard of care or caused

Pentecost any damages. They pled mitigation of damages as a defense and alleged that Pentecost's recovery, if any, must be reduced by his own fault.

On September 13, 2021, Pentecost, now represented by counsel, filed an amended petition. He detailed alleged actions of malpractice in the *LSAT* case and requested compensation for all damages, along with legal interest, costs of the proceedings and all other general and equitable relief.

On September 20, 2021, Defendants filed four motions for summary judgment. They stated that Pentecost is not entitled to recover for past, present and future pain and suffering or legal expenses and fees because such damages are not recoverable in legal malpractice actions. They argued that Pentecost cannot establish the essential elements of a legal malpractice claim, including proving legal cause and cause in fact.

On November 17, 2021, Pentecost's counsel filed a motion to withdraw.

On November 18, 2021, Defendants filed an answer to Pentecost's amended petition and denied his allegations. They adopted and incorporated all prior denials and affirmative defenses set forth in their answer to the original petition.

On December 9, 2021, Defendants filed an exception of peremption. They stated that Pentecost had one year from the date of discovery of the actions giving rise to this claim to file suit. They noted that Pentecost knew of the alleged actions of malpractice in the *LSAT* case as early as the trial in October 2016 but did not file suit until September 29, 2019.

On December 28, 2021, Pentecost, as a self-represented litigant, filed oppositions to the motions for summary judgment and argued that there are genuine issues of material fact.

On January 13, 2022, a hearing was held on the exception of peremption and the motions for summary judgment. Regarding the exception, defense counsel stated that the alleged acts of malpractice occurred at the October 2016 trial and with the appellate work that followed. He noted that the *LSAT* decision was published in February 2018; and, therefore, Pentecost filed his September 2019 petition more than a year after he had notice of possible malpractice. Pentecost stated that he was shocked when this court ruled against him and noted that his attorneys told him this court made a legal error when not remanding the case. He stated that the Louisiana Supreme Court denied his writ in September 2018 and that after this was when he began to think his attorneys erred. Therefore, he argued that his September 2019 petition was filed within the one-year peremptive period. The parties then addressed the motions for summary judgment. The trial court took the matters under advisement.

On February 23, 2022, the trial court issued its ruling in open court and granted the exception of peremption. It stated that most alleged acts of malpractice took place at the October 2016 trial and additional acts took place on appeal. It found that Pentecost was not aware of errors to his detriment at the time of trial because the trial court ruled in his favor. It found that it was not until this court reversed the trial court in February 2018 and denied a rehearing in April 2018 that Pentecost became aware that actions at trial were adverse to him. It determined that by April 2018, Pentecost knew or should have known that matters were adverse to him and, therefore, that his September 2019 petition was not filed within the one-year period. It noted that this ruling pretermitted the need to address the motions for summary judgment.

3

On February 25, 2022, the trial court filed a judgment granting

Defendants' exception of peremption and dismissing Pentecost's suit and all

claims against Defendants. It determined that Defendants' motions for

summary judgment were pretermitted by the ruling on the exception of

peremption. It assessed all court costs to Pentecost.

Pentecost appeals.

## DISCUSSION[1]

### *Peremption*

Pentecost argues that the trial court erred in granting Defendants'

exception of peremption. He states that the trial court incorrectly

determined that he knew or should have known on April 5, 2018, i.e., when

this court denied a rehearing, that Grassi's negligence adversely affected

him. He notes that as he prevailed at the trial in the *LSAT* case, he was

happy with Grassi's representation. He states that Grassi told him that this

court's reversing and rendering judgment against him were legal errors, and

he relied on this explanation until the Louisiana Supreme Court denied writs

in September 2018. He states that he was not aware he was a victim of

malpractice until the summer of 2019, after he hired a new attorney to

represent him in federal court for a denial of due process in the *LSAT* case.

Defendants argue that the trial court correctly dismissed Pentecost's

claims as perempted. They contend that Pentecost's claims are untimely

because he had knowledge of the alleged malpractice as early as October

2016, i.e., the date of the bench trial. Defendants argue that Pentecost was

---

[1] Defendants argue that Pentecost's brief contains numerous errors. Pentecost is representing himself on appeal. In the interest of justice, this court has the discretion to treat *pro se* filings with greater indulgence than those filed by an attorney. *In re Succession of Taylor*, 44,471 (La. App. 2 Cir. 6/24/09), 13 So. 3d 1253.

again put on notice in February 2018 when this court reversed the trial court's judgment. Therefore, they argue that his September 2019 suit was filed more than one year after the date he knew or should have known of the alleged malpractice that gave rise to this suit.

La. R.S. 9:5605 sets forth the peremptive periods for legal malpractice claims and states, in pertinent part:

> A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

> B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

In *Teague v. St. Paul Fire & Marine Ins. Co.*, 07-1384 (La. 2/1/08), 974 So. 2d 1266, the Louisiana Supreme Court discussed the law on peremptive periods in legal malpractice cases and specifically addressed the issue of whether knowledge of a bad result is sufficient to trigger the running of peremption in a legal malpractice action. It stated:

5

A straightforward reading of the statute clearly shows that the statute sets forth two peremptive limits within which to bring a legal malpractice action, namely one year from the date of the alleged act or one year from the date of discovery with a three-year limitation from the date of the alleged act, omission, or neglect to bring such claims. . . . Thus, under the provisions of La.Rev.Stat. § 9:5605, an action should not be found perempted if it is brought within one year of the date of discovery and the record shows that the claimant was reasonably unaware of malpractice prior to the date of discovery and the delay in filing suit was not due to willful, negligent, or unreasonable action of the client. . . .

The "date of discovery" from which prescription or peremption begins to run is the date on which a reasonable man in the position of the plaintiff has, or should have, either actual or constructive knowledge of the damage, the delict, and the relationship between them sufficient to indicate to a reasonable person he is the victim of a tort and to state a cause of action against the defendant. . . . Put more simply, the date of discovery is the date the negligence was discovered or should have been discovered by a reasonable person in the plaintiff's position. . . .

Because the provisions on prescription governing computation of time apply to peremption, the principles applicable in the computation of time under the discovery rule in the medical malpractice provisions, although prescriptive in nature, nevertheless should apply to the computation of time under the discovery rule of the peremptive period for legal malpractice. . . . Accordingly, peremption commences to run in legal malpractice cases when a claimant knew or should have known of the existence of facts that would have enabled him to state a cause of action for legal malpractice. . . . Notwithstanding, a claimant's mere apprehension that something may be wrong is insufficient to commence the running of peremption unless the claimant knew or should have known through the exercise of reasonable diligence that his problem may have been caused by acts of malpractice. . . . Therefore, even if the client is aware that an undesirable result has developed arising out of the representation, peremption will not run as long as it was reasonable for the plaintiff not to recognize that the result might be due to malpractice. . . .

When evidence is introduced at the hearing on the peremptory exception of prescription, the district court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. *McKinley v.*

*Scott*, 44,414 (La. App. 2 Cir. 7/15/09), 17 So. 3d 81, *citing Carter v. Haygood*, 04-0646 (La. 1/19/05), 892 So. 2d 1261.

Considering the facts of this case, the trial court was not manifestly erroneous or clearly wrong when it determined that Pentecost should have discovered the alleged acts of malpractice by April 2018 when this court denied a rehearing. Pentecost reasonably was not aware of any potential acts, omissions or neglect by Grassi during the October 2016 trial because the trial court ruled in his favor. However, when this court reversed the judgment of the trial court in February 2018 and denied Pentecost's request for a rehearing in April 2018, he should have then had knowledge of any alleged malpractice by Grassi at the trial or appellate level. The date the Louisiana Supreme Court denied writs is not the appropriate date of discovery. Pentecost's September 2019 petition was not filed within one year of the date of discovery; and, therefore, the trial court did not err in granting Grassi's exception of peremption.

Accordingly, this assignment of error lacks merit.

### *Fraud*

Pentecost argues that Grassi committed a fraudulent act of malpractice and a post-malpractice fraudulent concealment of the act. He notes that this is the first time he has specifically asserted that fraud occurred but that he previously alleged acts of fraud.

Defendants argue that Pentecost did not plead fraud and did not preserve this argument for appeal.

The peremptive period in La. R.S. 9:5605(A) shall not apply in cases of fraud as defined in La. C.C. art. 1953. La. R.S. 9:5605(E). In pleading

7

fraud, the circumstances constituting fraud shall be alleged with particularity. La. C.C.P. art. 856.

Appellate courts shall review issues that were submitted to the trial court and that are contained in specifications or assignments of error, unless the interest of justice requires otherwise. La. Unif. R. Ct. App. 1-3. As a general rule, appellate courts will not consider issues that were not raised in the pleadings, were not addressed by the trial court or are raised for the first time on appeal. *Mendoza v. Grey Wolf Drilling Co., LP.*, 46,438 (La. App. 2 Cir. 6/22/11), 77 So. 3d 18, *writ denied*, 11-1918 (La. 11/14/11), 75 So. 3d 943.

Pentecost's claim regarding fraud was not asserted before the trial court and is being raised on appeal for the first time. Thus, this court will not address this claim.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's granting of the exception of peremption filed by Defendants-Appellees Joseph W. Grassi and McKeithen, Ryland & Champagne. Costs of this appeal are assessed to Plaintiff-Appellant Karl Pentecost.

**AFFIRMED.**